**Dorriss TINKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 56328, 56329.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 8, 1978.

Donald B. Dailey, Jr., Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Eric Brown, Asst. Dist. Atty., Nueces Co., Corpus Christi, for appellee.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is a joint appeal from judgments forfeiting bail bonds. The judgments nisi entered on December 22, 1976, reflect that on October 22, 1976, principals Manuel Martinez, Jr.'s and Enedina R. Rosales' bonds of $2,500 each were forfeited for failure to appear when their causes were called for trial. Appellant-surety filed general denials on December 27, 1976. On April 20, 1977, the State filed motions for summary judgment which were controverted by her. On May 6, 1977 a hearing was held on the State's motions. Prior to considering the motions for summary judgment, the State moved to dismiss the judgments nisi. The court overruled the motions to dismiss, but continued the hearing on the State's motions to June 3, 1977, at which time the State's motions for summary judgment were granted subsequent to the State's reurging its intent to dismiss the judgments nisi. On June 13, 1977, appellant-surety filed motions for new trial which were overruled by operation of law July 29, 1977. Appeals were perfected by the filing of appeal bonds on August 17, 1977.

The appellant brings forth two points of error.

I. The trial court abused its discretion in refusing to grant plaintiff's (State's) motions for non-suit.

II. The trial court erred in granting summary judgments for the plaintiff since the appellant-surety's controverting affidavits raised a fact issue as to whether good cause was shown for the non-appearance of the defendant-principals.

Because of our disposition of Point of Error I, we do not reach II.

The State argues alternatively that either it never did request non-suits or, if it did Rule 164, "Non-Suit" Tex.R.Civ.P., does not apply to bail bond forfeitures.

The records reflect the following exchange prior to the hearing on the State's motions for summary judgment on May 6, 1977:

"STATE: Your Honor, this was a case where the State was prepared to present a motion to dismiss with costs to this defendant.

"COURT: Dismiss what?

"STATE: The judgment nisi.

"COURT: No, I'm not going to accept that. Again you are going to start treating everybody the same.

"STATE: Well, just to simplify matters to inform the court both Mr. Tinker's (defense attorney) cases, Martinez and Rosales, arise out of the same criminal action. We are prepared to dismiss.

"COURT: All right, your motion, if it is such, is overruled   .   .   ."

The docket sheet entries of May 6, 1977 are: "Motion to dismiss, overruled."

The hearing was continued to June 3, 1977, when the following occurred:

"STATE: Your Honor, as the Court is aware, last setting *the State did present motions to dismiss* and on the grounds that the criminal cases were about to be dismissed, *we presented motions to dismiss.* Frankly, we still would not have any objection to that however, if the Court is opposed, I guess we will have to proceed. (Emphasis added)

"COURT: Mr. Tinker was given six months to find those two people, I believe in giving bondsmen time to look for their people, but after they have not been able to turn them up within a reasonable time, I think they should face up to their obligations.

"STATE: If that is the Court's attitude, the State will move for summary judgment."

Clearly, the State moved for dismissals.

The State contends that Rule 164, Tex.R. Civ.P., does not apply to bail bond forfeitures, but cites no authority for this position.

Article 22.10, Vernon's Ann.C.C.P., "Scire Facias Docket" states:

"When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendant; *and the proceedings had therein shall be governed by the same rules governing other civil suits.*" (Emphasis added)

In construing old Article 433, Vernon's Ann.C.C.P., now Article 22.10, Vernon's Ann.C.C.P., this Court in *Blue v. State,* 170 Tex.Cr.R. 449, 341 S.W.2d 917 (1960), on State's Motion for Rehearing, held:

"A bond forfeiture is a criminal action, but after the entry of judgment nisi all the proceedings, unless otherwise provided, are governed by the same rules as govern in civil cases; that is, by the applicable Rules of Civil Procedure."

Rule 164, supra, "Non-Suit" reads:

"Upon the trial of any case at any time before plaintiff has rested his case, i. e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief."

In *Barton v. Pacific Employers Indemnity Co.,* 522 S.W.2d 128 (Tex.Civ.App., Corpus Christi, 1975; writ ref'd N.R.E.), it was

said that, generally, a party's right to take a non-suit pursuant to Rule 164, supra, is absolute, but the privilege is not without limitation, it is subject to a good faith exception in non-workmen's compensation cases and the (now statutory) counterclaim provision.

The judgments are reversed and the causes remanded.