Ex parte Kenneth James
URBANOWICZ, Relator.

No. 04–83–00229–CV.

Court of Appeals of Texas,
San Antonio.

May 18, 1983.

Kie S. Hankins, Porter, for appellant.

Janey Freeman Deyeso, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

OPINION

REEVES, Justice.

This is an original proceeding brought by Kenneth James Urbanowicz, relator, petitioning this Court for a writ of habeas corpus. The pleading relates that respondent is illegally confined and restrained of his liberty due to a void commitment order of the District Court in Bexar County, Texas. The contempt arose out of the relator's alleged violation of a provision in a divorce decree granted September 25, 1980. In lieu of any sworn affidavit or proof that relator is illegally confined and restrained of his liberty, is a certified copy of a receipt acknowledging a $1,000.00 deposit filed in the District Clerk's Office in lieu of a $1,000.00 bond. The instrument provides:

PERSONAL BOND

STATE OF TEXAS
COUNTY OF HARRIS

Whereas, on the 16th day of March, 1983, a hearing was held on the motion for contempt filed by movant, Alice K. Urbanowicz in the Honorable 288th District Court, Bexar County, Texas, and

Whereas, Honorable Raul Rivera, Judge Presiding, found respondent, Kenneth James Urbanowicz, in contempt of court, and

Whereas, punishment was assessed against respondent, Kenneth James Urbanowicz, as confinement in the county jail of Bexar County, Texas for a period of 89 days and thereafter until respondent Kenneth James Urbanowicz, complies with this Honorable Court's order, for a period not to exceed six months.

Now therefore, comes Kenneth James Urbanowicz and pays unto the District Clerk of Bexar County, Texas, the sum of $1,000.00, that being the sum of this Honorable Court to be paid by Kenneth James Urbanowicz as bond in this cause and that the said Kenneth James Urbanowicz covenants that he will prosecute his legal remedies herein without delay.

/s/ ——————————————
Kenneth James Urbanowicz

This Court has extremely limited jurisdiction in original habeas corpus proceedings. Our authority in an original habeas corpus proceeding is Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp. 1982–1983) which provides:

Whenever any person is *restrained in his liberty* within a supreme judicial district, the court of appeals of such district, or any of the justices thereof, shall have

concurrent jurisdiction with the supreme court to issue the writ of habeas corpus whenever it appears that such restraint of liberty is by virtue of any order, process, or commitment issued by any court or judge on account of a violation of any order, judgment, or decree, theretofore made, rendered, or entered by such court or judge in a divorce case, wife or child support case, or child custody case. *Such court or any justice thereof, pending the hearing of the application of such writs, may admit to bail any person who the writ of habeas corpus may be so granted.* [Emphasis ours.]

Tex.R.Civ.P. 475 requires that a petition seeking the issuance of a writ of habeas corpus to the Supreme Court be accompanied by proof of restraint of the relator. This Court of Appeals requires the same. One is considered restrained or in custody when under a valid bond pending the outcome of a habeas corpus hearing. *Ex parte Trillo,* 540 S.W.2d 728 (Tex.Cr.App.1976). Whether relator is "restrained" depends upon the validity of the $1,000.00 deposit in the District Clerk's Office given in lieu of the bond. A bond is a contract and "we are not permitted to read conditions into a bond or any other instrument that are not clearly set forth or necessarily implied." *Shaw v. O'Sullivan,* 334 S.W.2d 223 (Tex.Civ.App.— El Paso 1960, writ ref'd n.r.e.). The obligee in an appearance bond on a habeas corpus proceeding is the State of Texas. The provisions of the bond must provide for the principal to make his personal appearance before a particular tribunal on a day certain and there remain from day-to-day until the habeas corpus proceeding is terminated. Those essential elements are lacking in relator's $1,000.00 receipt. We are also of the opinion that relator's "personal bond" lacks enforceability for another reason. The statute provides for the Court of Appeals to make the decision whether the relator is required to make bond pending the hearing before the Court of Appeals and not the District Court. We are of the opinion that relator is not restrained of his liberty and that the writ of habeas corpus does not lie. The petition for habeas corpus is dismissed.