

# THE ATTORNEY GENERAL
## OF TEXAS

March 30, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Gary Garrison
Ector County Attorney
Room 218, Courthouse
Odessa, Texas    79761

Opinion No. JM-661

Re:  Whether a commissioners court may contract with outside counsel to handle bond forfeitures

Dear Mr. Garrison:

You ask whether the Commissioners Court of Ector County, Texas, has the authority to contract with outside counsel to handle bond forfeitures. The bond forfeiture proceedings in question arise out of criminal cases. You state that the felonies are handled by the district attorney and the misdemeanors are handled by the county attorney.

Article V, section 21, of the Texas Constitution provides in pertinent part:

> The county attorneys shall represent the state in all cases in the district and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the legislature.

Article 2.01 of the Texas Code of Criminal Procedure, "Duties of district attorneys" provides as follows:

> Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is notified of the same, and is at the time within his district, he shall represent the State therein, unless prevented by other official duties. It shall be the primary duty of all prosecuting attorneys, including any special

> prosecutors, not to convict, but to see that justice is done. They shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused.
>
> Amended by Acts 1981, 67th Leg., p. 801, ch. 291, §98, eff. Sept. 1, 1981.

Article 2.02 of the Code of Criminal Procedure, "Duties of county attorneys" states:

> The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court. He shall represent the State in cases he has prosecuted which are appealed.
>
> Amended by Acts 1981, 67th Leg., p. 801, ch. 291, §99, eff. Sept. 1, 1981.

Since Ector County has both a county attorney and district attorney, you suggest that the foregoing provisions of the Code of Criminal Procedure are applicable. You evidence some concern about language in Blue v. State, 341 S.W.2d 917, 919 (Tex. Crim. App. 1960) where, on the State's Motion for Rehearing, it was held:

> A bond forfeiture is a criminal action, but after the entry of judgment nisi all the proceedings, unless otherwise provided, are governed by the same rules as govern in civil causes; that is, by the applicable Rules of Civil Procedure.

Your concern is directed to the court's holding that the Rules of Civil Procedure apply after the entry of the judgments nisi. We assume that you are concerned that the court's holdings in Blue and Tinker have the effect of transforming what had been a criminal proceeding into a civil proceeding and thereby removing the case from the statutory jurisdiction of the district and county attorneys. In the more recent case, Tinker v. State, 561 S.W.2d 200 (Tex. Crim. App. 1978), the court approved the above quoted language from Blue. It is our opinion that the fact that civil rules are employed following the entry of the judgment nisi does not result in a bond forfeiture proceeding losing its identity as a criminal case within the meaning

of articles 2.01 and 2.02 of the Code of Criminal Procedure. It follows that the District Attorney and the County Attorney in Ector County are responsible for representing the state in bond forfeiture matters.

In Attorney General Opinion H-544 (1975) the question of the employment of a private attorney to assist in the conduct of a court of inquiry was addressed. We find the following language in that opinion to be dispositive of your question.

> Another expense about which each of you inquire is compensation for a private attorney to assist in the conduct of the court of inquiry.
>
> There is no specific authorization for the appointment of an attorney to participate in a court of inquiry. There is no express authorization for any attorney to represent the state in a court of inquiry, as there is in an examining trial [Code Crim. Proc. art. 16.06]; before the grand jury [art. 20.03]; in a habeas corpus proceeding [arts. 11.07, 11.39]; and an inquest upon a dead body [art. 49.12]; or in a fire inquest [art. 50.02].
>
> However, it has been held that:
>
>> It has always been the principal duty of the district and county attorneys to investigate and prosecute the violation of all criminal laws, including the elections laws, and these duties cannot be taken away from them by the Legislature and given to others. (Emphasis added) Shepperd v. Alaniz, 303 S.W.2d 846, 850 (Tex. Civ. App. - San Antonio 1957, no writ hist.).
>
> . . . .
>
> In regard to the exclusiveness of the authority of the county attorney, district attorney, and attorney general to represent the state, see Garcia v. Laughlin, 285 S.W.2d 191 (Tex. Sup. 1955); Staples v. State ex rel. King, 245 S.W. 639 (Tex. Sup. 1922); Maud v. Terrell, 200 S.W. 374 (Tex. Sup. 1918); Brady v. Brooks, 89 S.W. 1052 (Tex. Sup. 1905); Harris County v. Stewart, 41 S.W. 650 (Tex. Sup. 1897).

Since there is no statutory authorization for the appointment and compensation of a private attorney to represent the state in a court of inquiry, and since the above authorities indicate that it is within the general duty of the county attorney and district attorney to investigate the violation of criminal laws, it is our opinion that if the magistrate conducting the court of inquiry desires an attorney to represent the state in the inquiry, the county or district attorney should be called upon to perform that duty.  If the county or district attorney is disqualified, absent, or otherwise unable to perform the duties of his office, an attorney pro tem may be appointed under article 2.07, Code of Criminal Procedure, and compensated as authorized under that article.

Article 2.07 of the Code of Criminal Procedure provides:

(a) Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

(b) If the appointed attorney is also an attorney for the state, the duties of the appointed office are additional duties of his present office, and he is not entitled to additional compensation.

(c) If the appointed attorney is not an attorney for the state, he is qualified to perform the duties of the office for the period of absence or disqualification of the attorney for the state on filing an oath with the clerk of the court.  He shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person.

(d) In this article, 'attorney for the state' means a county attorney, a district attorney, or a criminal district attorney.

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.
Amended by Acts 1967, 60th Leg., p. 1733, ch. 659,
§4, eff. Aug. 28, 1967; Acts 1973, 63rd Leg., p.
356, ch. 154, §1, eff. May 23, 1973.

We find no specific authority which would authorize the Commissioners Court of Ector County to employ outside counsel to handle bond forfeitures. We agree with the suggestion you make in your analysis that an attorney may be employed under article 2.07 of the Code of Criminal Procedure "if the necessary prerequisites are met."

## S U M M A R Y

There is no specific authority for the Commissioners Court of Ector County "to contract with outside counsel to handle bond forfeitures." If the county or district attorney is disqualified, absent, or otherwise unable to perform the duties of his office, an attorney pro tem may be appointed under article 2.07 of the Code of Criminal Procedure.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General