Jesse **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–98–00090–CV.

Court of Appeals of Texas,
El Paso.

April 1, 1999.

Rehearing Overruled April 28, 1999.

Woodrow Wilson Bean, III, El Paso, for appellant.

Jose R. Rodriguez, County Atty., El Paso, for appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is a bond forfeiture case. Jesse Rodriguez, who was released on a $5,000 personal recognizance bond, failed to appear for his criminal trial. His bond was forfeited pursuant to Chapter 22 of the Texas Code of Criminal Procedure. In one point of error, he contends that he was improperly served; thus, he argues the trial court never acquired personal jurisdiction over him.

### FACTS

This appeal is based on stipulated facts. Rodriguez was arrested in El Paso Coun-

ty, Texas and released on a $5,000 personal recognizance bond. When Rodriguez failed to appear in his criminal case, the trial court forfeited his bond. The State mailed the citation and judgment nisi to Rodriguez at the address that he provided on his personal recognizance bond. The citation and judgment was returned to the district clerk explaining that the address needed a post office box number. The State then sent a certified letter to the address provided by Rodriguez to notify him of the bond forfeiture hearing. The certified letter was returned because the addressee was unknown.

The State then filed a motion for citation by alternate publication, which was granted by the trial court. The citation by publication was placed in a newspaper of general circulation in El Paso, Texas for four consecutive weeks. Attorney Ad Litem for Rodriguez, Woodrow Bean III challenged the jurisdiction of the trial court asserting that the trial court did not have personal jurisdiction over Rodriguez. The State then requested and received a default judgment. This appeal follows.

## DISCUSSION

In appellant's sole point of error, Rodriguez contends that the trial court erred in granting a default judgment when it did not have personal jurisdiction over him because of faulty service.

### Personal Jurisdiction

■ Rodriguez is correct in noting that personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court; and (2) if the defendant is amenable to the

jurisdiction of the court, the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant.[1]

■ A court may assert personal jurisdiction over a non-resident defendant if: (1) the requirements of the Texas long-arm statute are fulfilled; and (2) the exercise of jurisdiction complies with the due process clause of the Fourteenth Amendment to the United States Constitution.[2] The long-arm statute allows jurisdiction over non-residents who have contracted to perform the contract in whole or in part in this state.[3] A bond is a contract.[4] We conclude as a matter of law that the requirements of the Texas long-arm statute are fulfilled because Rodriguez signed a contract to be performed in Texas, a personal recognizance bond.

■ Further, the Texas Supreme Court has interpreted the broad language of Section 17.042 "to reach as far as the federal constitutional requirements of due process will allow."[5] The constitutional requirements are divided into two parts: (1) whether the non-resident defendant has purposely established minimum contacts with the forum state; and (2) if so, the maintenance of the suit would not offend "traditional notions of fair play and substantial justice."[6] Non-resident defendants have sufficient minimum contacts if they purposely availed themselves of the benefits and protections of conducting business within that state.[7] This limitation prevents defendants from being brought into Texas courts based upon random, fortuitous, or attenuated contacts, or the unilateral activity of another party.[8] Based upon its contact with the state, the defen-

1. *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 200 (Tex.1985).

2. *CSR Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex. 1996); *James v. Illinois Cent. R.R. Co.,* 965 S.W.2d 594, 596 (Tex.App.—Houston [1st Dist.] 1998, no writ).

3. Tex. Civ. Prac. & Rem.Code Ann. § 17.042 (Vernon 1997).

4. *Ex parte Urbanowicz,* 653 S.W.2d 355, 356 (Tex.App.—San Antonio 1983, no writ).

5. *CSR Ltd.,* 925 S.W.2d at 594.

6. *Id.*

7. *Id.* at 594–95.

8. *Id.* at 595.

dant must reasonably expect to be haled into a Texas court.[9] Minimum contacts analysis has been divided further into general and specific jurisdiction.[10] Specific jurisdiction analysis requires that the cause of action arise out of or relate to the defendant's conduct within the state.[11] We find that Rodriguez's conduct, signing a contract to be performed in Texas, to be sufficient to establish minimum contacts with the State of Texas. Rodriguez, signor of a personal recognizance bond, is amenable to the jurisdiction of the trial court.

### Service of Process

 This case provides an interesting examination of the relationship between the Texas Code of Criminal Procedure and the Texas Rules of Civil Procedure. Interestingly, we, as a judiciary, decided that bond forfeiture proceedings are criminal actions that nevertheless shall be governed by the civil rules.[12] Within our civil rules, we have determined that rules relating to service of process are mandatory.[13]

 Texas Rule of Civil Procedure 124 provides that: "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, *except where otherwise expressly provided by law or these rules.*"[14] In effect, our Rules of Civil Procedure allow a judgment

to be entered against a defendant without service if expressly provided by law.

 Our legislature prescribed specific rules for forfeiting a bond. Chapter 22 of the Texas Code of Criminal Procedure outlines the particular rules that expressly provide for service of process in bond forfeiture proceedings.[15] Texas Rule of Civil Procedure 124 requires us to analyze this case by examining Chapter 22 of the Texas Code of Criminal Procedure.

Article 22.04 states that:

A citation shall be sufficient if it be in the form provided for citations in civil cases in such court; provided, however, that a copy of the judgment of forfeiture entered by the court shall be attached to the citation and the citation shall notify the parties cited to appear and show cause why the judgment of forfeiture should not be made final.[16]

Article 22.05 provides that:

Sureties shall be entitled to notice by service of citation, the length of time and in the manner required in civil actions; and the officer executing the citation shall return the same as in civil actions. *It shall not be necessary to give notice to the defendant unless he has furnished his address on the bond, in which event notice to the defendant shall be deposited in the United States mail directed to the defendant at the address shown on the bond.*[17]

Formal service of citation on the principal is clearly not contemplated by Article 22.05.[18] Nevertheless, in this case, service

**9.** *Project Eng'g USA Corp. v. Gator Hawk, Inc.,* 833 S.W.2d 716, 721 (Tex.App.—Houston [1st Dist.] 1992, no writ).

**10.** *Schlobohm v. Schapiro,* 784 S.W.2d 355, 358 (Tex.1990).

**11.** *CSR Ltd.,* 925 S.W.2d at 595.

**12.** *Alvarez v. State,* 861 S.W.2d 878, 881 (Tex. Crim.App.1992); *Rosas v. State,* 958 S.W.2d 852, 853 (Tex.App.—Amarillo 1997, no pet.); *Marroquin v. State,* 953 S.W.2d 829, 830 (Tex. App.—Corpus Christi 1997, no pet.).

**13.** *Strawder v. Thomas,* 846 S.W.2d 51, 62 (Tex.App.—Corpus Christi 1992, no writ).

**14.** TEX.R. CIV. P. 124 (emphasis added).

**15.** TEX.CODE CRIM. PROC. ANN. art. 22.02 (Vernon 1989).

**16.** TEX.CODE CRIM. PROC. ANN. art. 22.04 (Vernon 1989).

**17.** TEX.CODE CRIM. PROC. ANN. art. 22.05 (Vernon 1989) (emphasis added).

**18.** *Smith v. State,* 566 S.W.2d 638, 640 (Tex. Crim.App.1978); *See also Hollins v. State,* 427 S.W.2d 865, 866 (Tex.Crim.App.1968).

of citation was attempted upon Rodriguez by mailing him a copy of the citation and judgment to the address that he provided on his personal recognizance bond. The State validly invoked the trial court's personal jurisdiction over Rodriguez by service of process on the defendant by complying with the necessary requirements of the Texas Code of Criminal Procedure.[19] Appellant's sole point of error is overruled.

### CONCLUSION

We affirm.

---

19. It is also noteworthy in this case to acknowledge that the State, in addition to valid service under Chapter 22 of the Texas Code of Criminal Procedure, correctly served the appellant in accordance with Texas Rules of Civil Procedure 106(a)(2) & (b)(2) & 109.