**Guy WILLIAMS d/b/a Freedom Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–01–00822–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 8, 2002.

---

Guy Williams, Corpus Christi, for appellant.

Jacqueline A. Del Llano-chapa, Corpus Christi, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

This is an appeal from a final judgment forfeiting a bail bond after entry of a judgment *nisi*. By a single point of error, appellant, Guy Williams d/b/a Freedom Bail Bonds, complains the trial court erred in rendering the final judgment because the bail bond was not admitted into evidence. We reverse and render.

### A. BACKGROUND

Derick D. Smith was charged with the offense of possession of a controlled substance. He was released from jail on a $3,500 bail bond. Smith failed to appear at his trial on July 5, 2001, and the trial court entered a judgment *nisi* on July 18, 2001. The judgment *nisi* recites that appellant is the surety on Smith's bond. Citation was issued and served on appellant as surety on the bail bond. In accordance with Texas Rule of Civil Procedure 93, appellant filed a verified answer specifically denying that he or Smith had signed the bond.

On October 1, 2001, both the State and appellant appeared for trial. The following then occurred:

> Ms. Fuentes: Monica Fuentes for the County Attorney. On July 5th of 2001, Derick Devon Smith in Cause No. 01–4136–G, failed to appear for a trial, and he entered into a bond on December 6th of 2000 with Freedom Bail Bonds in the amount of $3,500, and we ask that you take judicial notice of the *nisi*, the bond, and the bailiff's affidavit.

> The Court: Okay. So noted.

> Mr. Williams: Your Honor, the defendant would object to the Court taking judicial notice of the *nisi*, the bond, and the bailiff's affidavit as documents under dispute which are not appropriate for judicial notice, number one. Number two, would object as to hearsay and lack of authentication, and no predicate.

> The Court: Okay. Your objection is overruled. I'm going to take judicial notice of the bailiff's certificate, as well as the bond and the judgment *nisi*. Okay. Any argument?

Neither the judgment *nisi*, the bond, nor the affidavit were offered or admitted into evidence.

### B. ANALYSIS

Appellant contends the State failed to meet its burden of proof at trial because it

did not introduce the bail bond into evidence. We agree.

 In bail bond forfeiture trials, the State has the burden of proof. *See Deckard v. State*, 615 S.W.2d 717, 718 (Tex.Crim. App. [Panel Op.] 1981); *Deckard v. State*, 605 S.W.2d 918, 921 (Tex.Crim.App. [Panel Op.] 1980). The bond and the judgment *nisi* are the two essential elements of the State's cause of action.[1] *Tocher v. State*, 517 S.W.2d 299, 301 (Tex.Crim.App.1975). Traditionally, in a bail bond forfeiture trial, it has been necessary for the State to present and offer the bond and the judgment *nisi* into evidence. In an 1884 bail bond forfeiture case, the Court of Appeals of Texas stated:

> In answer to the *scire facias* the sureties had, amongst other things, pleaded a general denial. This plea, since the proceedings are in the nature of a civil action upon the bond, would necessarily make it incumbent upon the State to produce the bond into evidence.
>
> But it may be said that has already been done on the forfeiture proceedings before judgment *nisi*, and that the judgment *nisi* is conclusive of the matter. It must be remembered, however, that all proceedings in such cases are *ex parte* up to the service of the *scire facias* on the sureties. After such service for the first time these sureties have a right to be heard in the case; and none of the previous proceedings are binding upon them until they have had an opportunity of showing "why the judgment *nisi* shall not be made final." By their general denial they say, in effect, to the State, "you have no bond." The State must meet this denial by producing the bond into evidence, just as the plaintiff is required to produce in evidence his

promissory note where the general denial is pleaded to an action upon it. As was said by this court in *Houston et al. v. the State*, 13 Tex. Ct.App. 560: "A proceeding upon a forfeited bail bond is in effect a suit against the bond, in which the *scire facias* serves the purpose of both a petition and a citation. Its foundation is the bond and the judicial declaration of the forfeiture of the bond, which is the judgment *nisi*. To entitle the State to a judgment final it must prove the cause of action as in a civil suit. This proof is made by, first, the bond, and, second, the judgment *nisi* declaring its forfeiture."

*Hester v. State*, 15 Tex.App. 418, 419–20 (1884), *overruled in part by Hokr v. State*, 545 S.W.2d 463 (Tex.Crim.App.1977).

 It is no longer necessary for the State to introduce the judgment *nisi* into evidence. In *Hokr*, the court of criminal appeals held that a trial court may take judicial notice of the judgment *nisi*. *Hokr*, 545 S.W.2d at 466. However, the *Hokr* court did not address whether a trial court may take judicial notice of the bail bond because the bond in that case had been admitted into evidence. *See id.* We have found no authority allowing a trial court to take judicial notice of a bond in a bail bond forfeiture proceeding. Consequently, we conclude the State must offer into evidence the original bail bond in order to be entitled to a final judgment. *See Hester*, 15 Tex.App. at 420.

In the instant case, appellant specifically denied by verified pleading that he or Smith had signed the bail bond. Because appellant put the bail bond at issue, we hold the State was required to present the bond at trial and offer it into evidence.

---

1. A bond forfeiture is a criminal action governed by the rules of civil procedure. *Tinker v. State*, 561 S.W.2d 200, 201(Tex.Crim.App.1978); *Marroquin v. State*, 953 S.W.2d 829, 830 (Tex.App.-Corpus Christi 1997, no pet.).

Further, Texas Rule of Evidence 201 provides that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. TEX.R. EVID. 201(b). Because appellant denied having signed the bond, we conclude it was subject to reasonable dispute. Therefore, judicial notice of the bond was improper.

Because the State failed to introduce the bail bond into evidence, we hold it failed to meet its burden of proof. Appellant's sole point of error is sustained.

The trial court's final judgment is reversed and judgment is rendered that the State take nothing against appellant.