SONIA OLIVAREZ, SURETY






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-225-CV
 
SONIA OLIVAREZ, SURETY   
                                                     APPELLANT
V.
THE STATE OF TEXAS
                                                                  
STATE
------------
FROM THE 271ST DISTRICT COURT OF WISE COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Sonia Olivarez, Surety, appeals from the trial court's
default judgment of bond forfeiture rendered on April 1, 2002. The State has not
filed a brief in response. We will reverse and render.
In appellant's first issue, she argues that the trial court
lacked personal jurisdiction over her because she was never served with a
citation. See Tex. Code Crim. Proc. Ann. art. 22.05 (Vernon 1989)
("Sureties shall be entitled to notice by service of citation.").
While bond forfeiture proceedings are criminal actions, they are also governed
by the civil rules. Alvarez v. State, 861 S.W.2d 878, 881 (Tex. Crim.
App. 1992); Rodriguez v. State, 990 S.W.2d 438, 441 (Tex. App.--El Paso
1999, no pet.). "Within our civil rules, we have determined that rules
relating to service of process are mandatory." Rodriguez, 990
S.W.2d at 441.
Personal jurisdiction is acquired by valid service of citation
or by appearance. See Tex. R. Civ. P. 121; Black v. Jackson,
82 S.W.3d 44, 50 (Tex. App.--Tyler 2002, no pet.). To constitute an appearance,
the act must seek a judgment or a decision by the court on some question. United
Nat'l Bank v. Travel Music of San Antonio, Inc., 737 S.W.2d 30, 32
(Tex. App.--San Antonio 1987, writ ref'd n.r.e.). A general appearance is
normally in the form of an answer to the claims made in the suit. Cotton v.
Cotton, 57 S.W.3d 506, 511 (Tex. App.--Waco 2001, no pet.).
Appellant entered an answer to the judgment nisi in this case,
generally denying the State's claims. While article 22.05 of the code of
criminal procedure requires actual service of citation, the civil rules of
service state that an appearance by answer shall "dispense with the
necessity for the issuance or service of citation upon him." Tex. R. Civ.
P. 121. Reading these two rules together, we conclude that the
"appearance" rule has equal force in bond forfeiture proceedings, even
though it is not expressly mentioned in article 22.05. Cf. Escobar v. State,
587 S.W.2d 714, 716 (Tex. Crim. App. [Panel Op.] 1979) ("A general
appearance before the court by the principal, or by an attorney representing the
principal, waives the requirement of service and establishes personal
jurisdiction."); Deem v. State, 342 S.W.2d 758, 759 (Tex. Crim.
App. 1961) ("Any claim of error for want of proper service became a nullity
when the sureties appeared in person and by counsel in open court upon the call
of this cause and announced ready for trial."). Thus, because appellant
filed an answer, the trial court had personal jurisdiction over her. We overrule
issue one.
In appellant's second issue, she argues that there is no
evidence of a bond written by her and that the State failed to prove its case.
In bail bond forfeiture trials, the State has the burden of proof. See
Deckard v. State, 615 S.W.2d 717, 718 (Tex. Crim. App. [Panel Op.] 1981); Deckard
v. State, 605 S.W.2d 918, 921 (Tex. Crim. App. [Panel Op.] 1980). The bond
and the judgment nisi are the two essential elements of the State's cause of
action. Tocher v. State, 517 S.W.2d 299, 301 (Tex. Crim. App. 1975).
Traditionally, in a bail bond forfeiture trial, it has been necessary for the
State to present and offer the bond and the judgment nisi into evidence. Williams
v. State, 82 S.W.3d 788, 790 (Tex. App.--Corpus Christi 2002, no pet.).
There is no evidence in the record of the actual bail bond.
Thus, the State failed to meet its burden of proof. Accordingly, we hold there
is no evidence to support the trial court's judgment. See id. at
790-91; see also Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d
328, 334 (Tex. 1998)(stating courts sustain no evidence points when "the
record discloses a complete absence of evidence of a vital fact"), cert.
denied, 526 U.S. 1040 (1999). We sustain appellant's second issue.
As a result of our ruling on issue two, it is not necessary for
us to address appellant's remaining issues on appeal. See Tex. R. App.
P. 47.1. Having sustained issue two, we reverse the trial court's judgment and
render judgment for appellant because that is the judgment the trial court
should have rendered. See TEX. R. APP. P. 43.3; Vista Chevrolet,
Inc. v. Lewis, 709 S.W.2d 176, 176 (Tex. 1986) (quoting Nat'l Life
& Accident Ins. Co. v. Blagg, 438 S.W.2d 905, 909 (Tex. 1969)).
 
  
                                                        SAM
J. DAY
  
                                                        JUSTICE

PANEL F: DAY, DAUPHINOT, and HOLMAN, JJ.
DELIVERED: June 26, 2003

1. See Tex. R. App. P. 47.4.