SONIA OLIVAREZ, SURETY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-225-CV

SONIA OLIVAREZ, SURETY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 271
ST
 DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Sonia Olivarez, Surety, appeals from the trial court’s default judgment of bond forfeiture rendered on April 1, 2002.  The State has not filed a brief in response.  We will reverse and render.

In appellant’s first issue, she argues that the trial court lacked personal jurisdiction over her because she was never served with a citation.  
See
 Tex. Code Crim. Proc. Ann
. art. 22.05 (Vernon 1989) (“Sureties shall be entitled to notice by service of citation.”).  While bond forfeiture proceedings are criminal actions, they are also governed by the civil rules.  
Alvarez v. State
, 861 S.W.2d 878, 881 (Tex. Crim. App. 1992); 
Rodriguez v. State
, 990 S.W.2d 438, 441 (Tex. App.—El Paso 1999, no pet.).  “Within our civil rules, we have determined that rules relating to service of process are mandatory.”  
Rodriguez
, 990 S.W.2d at 441. 

Personal jurisdiction is acquired by valid service of citation or by appearance.  
See
 Tex. R. Civ. P.
 121; 
Black v. Jackson
, 82 S.W.3d 44, 50 (Tex. App.—Tyler 2002, no pet.).  To constitute an appearance, the act must seek a judgment or a decision by the court on some question.  
United Nat'l Bank v. Travel Music of San Antonio
, 
Inc.
, 737 S.W.2d 30, 32 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.).  A general appearance is normally in the form of an answer to the claims made in the suit.  
Cotton v. Cotton
, 57 S.W.3d 506, 511 (Tex. App.—Waco 2001, no pet.).  

Appellant entered an answer to the judgment nisi in this case, generally denying the State’s claims.  While article 22.05 of the code of criminal procedure requires actual service of citation, the civil rules of service state that an appearance by answer shall “dispense with the necessity for the issuance or service of citation upon him.”  
Tex. R. Civ. P.
 121.  Reading these two rules together, we conclude that the “appearance” rule has equal force in bond forfeiture proceedings, even though it is not expressly mentioned in article 22.05.  
Cf. Escobar v. State
, 587 S.W.2d 714, 716 (Tex. Crim. App. [Panel Op.] 1979) (“A general appearance before the court by the principal, or by an attorney representing the principal, waives the requirement of service and establishes personal jurisdiction.”); 
Deem v. State
, 342 S.W.2d 758, 759 (Tex. Crim. App. 1961) (“Any claim of error for want of proper service became a nullity when the sureties appeared in person and by counsel in open court upon the call of this cause and announced ready for trial.”).  Thus, because appellant filed an answer, the trial court had personal jurisdiction over her.  We overrule issue one.

In appellant’s second issue, she argues that there is no evidence of a bond written by her and that the State failed to prove its case.  In bail bond forfeiture trials, the State has the burden of proof.  
See Deckard v. State
, 615 S.W.2d 717, 718 (Tex. Crim. App. [Panel Op.] 1981); 
Deckard v. State
, 605 S.W.2d 918, 921 (Tex. Crim. App. [Panel Op.] 1980).  The bond and the judgment nisi are the two essential elements of the State's cause of action.  
Tocher v. State
, 517 S.W.2d 299, 301 (Tex. Crim. App. 1975).  Traditionally, in a bail bond forfeiture trial, it has been necessary for the State to present and offer the bond and the judgment nisi into evidence.  
Williams v. State
, 82 S.W.3d 788, 790 (Tex. App.—Corpus Christi 2002, no pet.).

There is no evidence in the record of the actual bail bond.  Thus, the State failed to meet its burden of proof.  Accordingly, we hold there is no evidence to support the trial court’s judgment.  
See id.
 at 790-91; 
see also
 
Uniroyal Goodrich Tire Co. v. Martinez,
 977 S.W.2d 328, 334 (Tex. 1998) 
(stating courts sustain no evidence points when “the record discloses a complete absence of evidence of a vital fact”), 
cert. denied,
 526 U.S. 1040 (1999).
 
 
We sustain appellant’s second issue.

As a result of our ruling on issue two, it is not necessary for us to address appellant’s remaining issues on appeal.  
See
 
Tex. R. App. P.
 47.1.  Having sustained issue two, 
we reverse the trial court’s judgment and render judgment for appellant because that is the judgment the trial court should have rendered.  
See
 T
EX
. R. A
PP
. P. 43.3; 
Vista Chevrolet, Inc. v. Lewis
, 709 S.W.2d 176, 176 (Tex. 1986) (quoting
 Nat’l Life & Accident Ins. Co. v. Blagg
, 438 S.W.2d 905, 909 (Tex. 1969)).
  

SAM J. DAY

JUSTICE

PANEL F: DAY, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  June 26, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.