



# MEMORANDUM OPINION

No. 04-10-00377-CV

Octavio **CASTANEDA**, Individually and d/b/a Castaneda Bail Bonds,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-07-282
Honorable Alex William Gabert, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  November 24, 2010

AFFIRMED

Octavio Castaneda contests the forfeiture of a bail bond, arguing he was denied due process because of the length of time it took the State to serve him with notice of the bond forfeiture. Further, he contends the State failed to introduce a copy of the bail bond at the forfeiture hearing. We affirm the trial court's judgment.

**BACKGROUND**

Castaneda is a bail bondsman who does business as Castaneda Bail Bonds. On March 22, 2007, Castaneda posted a $5,000 bail bond for Hugo Iracheta who was charged with felony drug possession. Iracheta failed to appear at a hearing set for May 29, 2007. Consequently, the trial court issued a judgment nisi declaring the bail bond forfeited unless Iracheta, the principal, or Castaneda, the surety, could show good cause as to why Iracheta failed to appear. Despite several attempts to serve Castaneda, the State did not serve Castaneda with citation until November 23, 2009. Castaneda filed an unverified answer challenging the forfeiture on December 18, 2009. Thereafter, a bail bond forfeiture hearing was held on March 22, 2010. At this hearing to show cause as to why Iracheta did not appear for the May 29, 2007 setting, Castaneda argued that the State did not exercise proper due diligence in serving him with notice of the judgment nisi, thereby violating his due process rights. On March 26, 2010, the trial court entered its final judgment and ordered Castaneda as surety to pay the bail bond, plus pre-judgment interest. Castaneda now appeals.

**BAIL BOND FORFEITURE**

Chapter 22 of the Texas Code of Criminal Procedure controls the process of forfeiture of bail bonds. TEX. CODE CRIM. PROC. ANN. arts. 22.01-.18 (West 2009). Bail bond forfeitures are criminal actions governed by the rules of civil procedure. TEX. CODE CRIM. PROC. ANN. art. 22.10; *Williams v. State*, 82 S.W.3d 788, 790 n.1 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Tinker v. State*, 561 S.W.2d 200, 201 (Tex. Crim. App. 1978)). A bond forfeiture proceeding begins when the defendant is bound by bail to appear and fails to appear in court, causing the court to issue a judgment nisi declaring the bail bond forfeited. TEX. CODE CRIM. PROC. ANN. arts. 22.01-.02. A judgment nisi will become final unless the defendant or his surety

shows good cause as to why the defendant failed to appear. *Id.* art. 22.02; *Safety Nat. Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008) (a judgment nisi is a provisional judgment that may become final).

In forfeiture proceedings, the State of Texas is the plaintiff against the principal, and any sureties, as defendants. TEX. CODE CRIM. PROC. ANN. art. 22.10; *Spradlin v. State*, 100 S.W.3d 372, 377 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The Code of Criminal Procedure explicitly requires the State to serve citation on the bond's surety as a defendant, just as in any other civil suit. TEX. CODE CRIM. PROC. ANN. art. 22.03 ("[A] citation shall issue forthwith notifying the sureties . . . that the bond has been forfeited, and requiring them to appear and show cause why the judgment of forfeiture should not be made final."). The State has four years within which to bring the forfeiture action. *Id*. art. 22.18 (providing a four-year limitations period running from the date the principal fails to appear). At the forfeiture hearing, the State bears the burden of proof to present the bond and the judgment nisi in order to establish the elements of its forfeiture action. *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007). Once those elements are established, the burden shifts to the defendant or surety to show good cause for the defendant's failure to appear, or the court will render a final judgment of forfeiture. TEX. CODE CRIM. PROC. ANN. art. 22.14.

### *Service of Citation*

Both of Castaneda's issues on appeal concern the procedure of the bail bond forfeiture. First, he contends the State did not exercise "forthwith" due diligence in serving him with the forfeiture citation as required by statute because he was not served until more than two years after the issuance of the judgment nisi. *See* TEX. CODE CRIM. PROC. ANN. art. 22.03 (stating "citation shall issue forthwith notifying the sureties . . .."). Castaneda cites several cases to

support his allegation that this long delay shows the State failed to exercise due diligence in serving the citation and bars it from proceeding with the forfeiture. The State counters that the due diligence argument is irrelevant in view of the four-year statute of limitations for forfeiture actions, and that the cases relied on by Castaneda are inapposite. We agree. In the cases cited by Castaneda, the due diligence issue arose in different contexts involving the validity of a default judgment and the assertion of limitations defenses, and thus had different legal consequences. *See, e.g., Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (default judgment could not stand where defendant was served with version of petition in which it was not named as a defendant); *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 925-26 (Tex. App.— Fort Worth 2002, pet. denied) (lack of due diligence in effecting service prevented date of service from relating back to date complaint was filed for purposes of limitations); *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet. denied) (same); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733-34 (Tex. App.—Dallas 2000, pet. denied) (same). That is not the case here. Even if Castaneda had asserted a limitations defense at the hearing, it would have failed because the limitations period for a bail bond forfeiture action is four years. TEX. CODE CRIM. PROC. ANN. art. 22.18 ("An action by the state to forfeit a bail bond under this chapter must be brought not later than the fourth anniversary of the date the principal fails to appear in court."). Thus, the State need not prove it exercised due diligence in serving Castaneda with citation since it effected service well before the limitations period expired.[1]

---

[1] Castaneda argues the statute's requirement that "citation shall issue 'forthwith'" imposes an exceptionally strict time-frame for service. *See* TEX. CODE CRIM. PROC. ANN. art. 22.03(a). The United States Supreme Court has held that a statute's "forthwith" service requirement is superseded by the rules of civil procedure. *See Henderson v. United States*, 517 U.S. 654, 669 (1996). In addition, reading the "forthwith" language in the context of article 22.03 as a whole makes it clear that it is the *issuance* of the citation that must occur "forthwith," as subsections (b) through (d) address the permissible methods of service of the citation. *See* TEX. CODE CRIM. PROC. ANN. art. 22.03.

Further, Castaneda argues that he was denied due process due to the delay in service after the issuance of the judgment nisi. Due process requires that a person facing a loss receive notice of the case against him and an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976); *Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001). A surety has a due process right to receive notice of any forfeiture proceeding related to the surety's bond. *See* TEX. CODE CRIM. PROC. ANN. art. 22.03 (mandating that sureties receive notice of the judicial declaration of forfeiture); *see also Hartford Cas. Ins. Co. v. State*, 159 S.W.3d 212, 218-19 (Tex. App.—Austin 2005, pet. denied) (holding that a surety on a bond has a due process right to receive notice and an opportunity to defend its interests before it is bound by a judgment). Here, Castaneda received notice that he was facing the loss of the bail bond's value on November 11, 2009. He then availed himself of the opportunity to defend against that loss by filing an answer alleging multiple defenses. *See* TEX. CODE CRIM. PROC. ANN. art. 22.11 (expressly affirming the right of sureties to answer a bond forfeiture citation in the manner of any other civil answer). The trial court then held a forfeiture hearing, at which Castaneda was afforded his due process right to present any and all defenses to the bond forfeiture. *See id.* arts. 22.15, 22.14. Castaneda argues that he would have made diligent efforts to secure the principal, and thus lessened the financial risk to himself, if the State had served him sooner. This argument is without merit. If Castaneda is able to secure the principal, the statute provides a means for him to recoup some or all of his losses on the bond forfeiture by filing a special bill of review within two years after the final judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 22.17; *see also Safety Nat. Cas.*, 273 S.W.3d at 160. Accordingly, we conclude Castaneda has not been denied due process, and we overrule his first issue.

***Failure to Introduce the Bail Bond***

In Castaneda's second issue, he challenges the failure of the State to introduce the bail bond into evidence at the forfeiture hearing. In *Kubosh*, the Court of Criminal Appeals resolved the question of whether a trial court may take judicial notice of a bail bond as well as of a judgment nisi in a forfeiture proceeding. *Kubosh*, 241 S.W.3d at 61. The Court held that although the State is typically required to introduce both the bond and the judgment nisi into evidence, the trial court may take judicial notice of the bond under certain circumstances. *Id.* at 63-64. Specifically, the trial court has discretion to take judicial notice of the bail bond when the final judgment indicates that the bond was in the court's record prior to the forfeiture hearing, and there is no issue of a variance between the bond and the judgment nisi. *Id.* at 65; *Garcia v. State*, 292 S.W.3d 146, 151-52 (Tex. App.—San Antonio 2009, no pet.). Here, the final judgment recites that the trial court "took judicial notice/acknowledgement of the documents and pleadings in the Court's file," which included the bail bond and the judgment nisi. Therefore, the State met its burden of proof as to the judgment nisi and the bond. Accordingly, we overrule Castaneda's second issue.

Based on the foregoing reasons, the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice