

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00305-CR

_____


AL MAURICE WILLIAMS, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. 18-9150-CCL2

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Al Maurice Williams appeals from the trial court's judgment forfeiting a bail bond and ordering the surety, Accredited Surety and Casualty Co., Inc., to pay the State $1,249.98. In three issues on appeal, Williams contends that the trial court did not properly provide him notice of the forfeiture proceeding; that the trial court erred by not holding a hearing on, and granting, his postjudgment motion to vacate the forfeiture judgment; and that the improper notice and refusal to vacate the judgment violated his right to due process. We affirm.

### II. BACKGROUND

On September 27, 2018, the 431st District Court of Denton County entered a judgment nisi forfeiting Williams's bond after Williams failed to appear for proceedings on his pending assault-family-violence charge. The judgment stated that it would be "made final against [Williams] at a hearing set by the Court for said purpose after [Williams] ha[d] been duly cited, as directed by law, to appear and answer herein, and to present legal defense, if any, . . . sufficient to exonerate [him] from being liable for the forfeiture of said bond."

The copy of the bail bond in the clerk's record has two handwritten addresses listed for Williams: one at a street address and number in Dallas and another at a P.O. Box in Arkansas. After entry of the judgment nisi, the Denton County District Attorney's office requested that the District Clerk serve Williams with the judgment

by mail at the Dallas address and serve Accredited by personal service. Although the clerk mailed the judgment nisi to Williams at the Dallas address handwritten on the bond, the mailing was returned to the clerk's office as undeliverable.

Accredited filed an answer to the judgment nisi, but Williams never appeared. On June 26, 2019, the trial court entered an Agreed Judgment, in which it recited that Williams had "failed to appear or answer and wholly made default" and that "[a]ll facts of the case were agreed on and stipulated to by the State and Defendant Surety." The trial court found that no sufficient cause had been shown for Williams's failure to appear and that the judgment nisi should be made final. The trial court ordered Accredited to pay the State $1,249.98.

On August 5, 2019, Williams filed a pro se notice of appeal and motion to reconsider dated July 31, 2019, on which he listed a different address from the ones written on his bond. In the notice of appeal, he made three distinct complaints:

1. I HAD INEFFECTIVE ASSISTANCE OF COUNSEL.

2. YOU MUST GIVE ME A FAIR HEARING.

3. I DID NOT RECIEVE [sic] NOTICE–WRONG ADDRESS.

He also attached a copy of a July 1, 2019 letter from the trial-court clerk notifying him that "an order disposing of the case or an appealable order was signed by the Judge of the County Court At Law #2-BF on 06/26/2019."[1] The letter copy was not signed.

_____

[1]The bail forfeiture proceedings were captioned "IN THE DISTRICT COURT COUNTY COURT AT LAW #2 DENTON COUNTY, TEXAS." Although the

After Williams's notice of appeal was filed in this court, we sent him a letter in which we stated that it appeared his notice of appeal had not been timely filed. Apparently in response to our letter, Williams filed in this court and in the trial court a Verified Motion to Vacate, Or In Alternative To Rule On The Clerk. In the motion, Williams noted that his notice of appeal had been filed within fifteen days of the due date. He also claimed that he "did not receive a copy of the . . . final order, or any pleadings filed in regards to this case because they were mailed to the **wrong** address." According to Williams, he was "not noticed, not heard, and was denied due process of law due to this oversight." To his motion, he attached another copy of the July 1, 2019 letter from the trial-court clerk, but this one was signed by a deputy clerk, and the box next to "Final, Default, Summary Judgment or Other Appealable Order" was checked.

The trial court never ruled on Williams's postjudgment motion. We construed the motion as a motion to extend the time to file his notice of appeal, and we granted it, thereby continuing the appeal.

---

431st District Court judge signed the judgment nisi, the Denton County Court at Law No. 2 judge signed the final judgment. *See* Tex. Gov't Code Ann. § 25.0633 (g) ("The County Court at Law No. 2 of Denton County has the jurisdiction provided by general law for county courts, statutory county courts, or district courts over civil penalties and forfeitures, including bail bond forfeitures . . . , regardless of the amount in controversy or remedy sought.").

4

## III. Discussion

In this appeal, Williams filed a pro se brief, in which he lists his three issues as follows: "1. The Court Failed to Notice Al M Williams"; "2. The Court erred in denying the . . . Motion to Vacate"; and "3. Failure to Notice is a violation of due process of law." In its brief, the State responds to the complaints listed in Williams's notice of appeal rather than all of the issues and arguments listed in Williams's brief; however, the notice and due-process (fair-hearing) issues overlap. As explained below, we consider the merits of the issues listed and argued in Williams's brief.

### A. Adequate Statutory Notice

Williams first argues that the trial court "failed to notice the time and place of the hearing" because, although the clerk mailed him notice, he did not receive it because the notice was sent to the wrong address. Williams cites inapplicable federal rules of procedure and case law in support of his argument that the bond-forfeiture judgment is void for lack of proper notice. *See* Fed. R. Civ. P. 60(b)(4); *New York Life Ins. v. Brown*, 84 F.3d 137, 142–43 (5th Cir. 1996) (citing Fed. R. Civ. P. 5).

In Texas, although a bond-forfeiture proceeding is a criminal case, the Texas Rules of Civil Procedure apply to the extent they are not in conflict with express provisions of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 22.10 ("[E]xcept as otherwise provided by this chapter, the proceedings . . . shall be governed by the same rules governing other civil suits."); *Safety Nat'l Cas. Corp. v. State*, 305 S.W.3d 586, 588 (Tex. Crim. App. 2010); *Dees v. State*, 865 S.W.2d 461, 462 (Tex.

Crim. App. 1993). The notice required to be given in a bond forfeiture is governed by

Article 22.05 of the Texas Code of Criminal Procedure, which provides,

> It shall not be necessary to give notice to the defendant unless he has furnished his address on the bond, in which event notice to the defendant shall be deposited in the United States mail directed to the defendant at the address shown on the bond or the last known address of the defendant.

Tex. Code Crim. Proc. Ann. art. 22.05; *see also Rodriguez v. State*, 990 S.W.2d 438, 441

(Tex. App.—El Paso 1999, no pet.) (holding that Article 22.05 satisfies Rule of Civil

Procedure 124 by providing another method of service "expressly provided by law").

Formal service of citation on the principal, i.e., the defendant, is not required nor

contemplated by Article 22.05. *Smith v. State*, 566 S.W.2d 638, 640 (Tex. Crim. App.

[Panel Op.] 1978); *Superior Bail Bonds v. State*, No. 05-03-00397-CV, 2004 WL 1089127,

at *1 (Tex. App.—Dallas May 17, 2004, no pet.) (mem. op.). Proof that notice was

mailed to the principal's address listed on the bond, even if the record also shows that

the mailing was returned as undeliverable, is sufficient proof of compliance with

Article 22.05. *See Williamsburg Nat'l Ins. v. State*, Nos. 13-14-00645-CR, 13-14-00647-

CR, 2015 WL 7035446, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2015,

pet. ref'd) (mem. op., not designated for publication); *Rodriguez*, 990 S.W.2d at 440–42;

*cf. Balboa v. State*, 612 S.W.2d 553, 555 (Tex. Crim. App. 1981) (stating law that

principal who omits address from bond will not be exonerated from subsequent

forfeiture judgment).

Williams relies on a United States Fifth Circuit case that determined whether notice was sufficient under a federal procedural rule. In that case, the Fifth Circuit held that service required to be sent to a party's last known address was insufficient when sent to an address the district clerk knew was not the party's last known address. *See New York Life Ins.*, 84 F.3d at 142 (citing Fed. R. Civ. P. 5). But not only is this dispute governed by Texas law and procedure, nothing in the record shows that the trial court, the State, or the trial-court clerk knew the Dallas address to which the clerk mailed notice to Williams was incorrect. Thus, the law Williams cites does not compel a different result.

Because the record shows that notice was properly mailed to Williams at one of the addresses listed on the bond,[2] we hold that the trial court did not err by failing to provide Williams notice of the forfeiture hearing. We overrule his first issue.

## B. Untimely Motion to Vacate

In his second issue, Williams claims that the trial court erred by refusing to vacate the judgment and by failing to hold a hearing on his motion to vacate because the judgment is void for lack of proper notice.

Williams filed the motion to vacate more than thirty days after the trial court signed the judgment. Thus, by the time Williams filed the motion, the trial court's

---

[2]Williams does not argue that the trial court was required to send notice to both addresses handwritten on the bond, and he has not cited, nor have we found, authority requiring mailing to both addresses when two are listed on the bond.

plenary power had expired. *See* Tex. R. Civ. P. 329b(d), (f). "Judicial action taken after the court's jurisdiction over a cause has expired is a nullity." *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). Because the trial court had no jurisdiction to consider and rule on the motion to vacate, it did not err by refusing to vacate the judgment or to hold a hearing on the motion. *See Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (op. on reh'g) (per curiam) (holding that trial court may grant untimely motion to vacate only if it had no "jurisdiction over the [judgment's] subject matter, [i.e.,] the power to hear and determine cases of the general class to which the particular one belongs"); *see also Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) (noting that void judgment is one that is a nullity "due to a complete lack of power to render the judgment in question"). We overrule Williams's second issue.

## C. Due Process

In his third issue, Williams contends the judgment is void for lack of due process because of the trial court's failure to give him proper notice of the bond-forfeiture proceeding.[3]

Williams has not argued that Article 22.05 itself is unconstitutional for failing to require sufficient due process. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S. Ct. 652, 657–58 (1950) (holding that although due process does not require personal service in all circumstances, any substituted notice in place of

---

[3]We glean the substance of Williams's third issue from the argument in his second and third issues.

8

personal notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). And we have already held that the trial court complied with the statutory notice requirements. Accordingly, we conclude that Williams has not shown a due-process violation, and we overrule Williams's third issue.

## D. Ineffective Assistance

The State addresses Williams's statement in his notice of appeal that he had ineffective assistance of counsel, construing it to mean that he claims he was entitled to appointed counsel in this bond-forfeiture proceeding. But construing the arguments raised in his brief liberally, as we must,[4] we find no argument that he was entitled to counsel in this proceeding or that he received ineffective assistance of counsel. Thus, we conclude any such argument is waived, and we do not address it. *See Bin Fang v. State*, 544 S.W.3d 923, 930 n.4 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also Walker v. State*, No. 2-02-233-CR, 2003 WL 21940981, at *1 (Tex. App.—Fort Worth Aug. 14, 2003, pet. ref'd) (mem. op., not designated for publication).

## IV. CONCLUSION

Having overruled the three issues in Williams's brief, we affirm the trial court's judgment.

---

[4]*Love v. State*, 600 S.W.3d 460, 475 (Tex. App.—Fort Worth 2020, pet. ref'd); *see* Tex. R. App. P. 38.1(f), 38.9.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 8, 2021