**Zuzanne TOCHER et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49179.**

Court of Criminal Appeals of Texas.

Jan. 8, 1975.

Anthony C. Aguillar and Bluford B. Sanders, Jr., El Paso, for appellants.

Steve W. Simmons, Dist. Atty. and Anita Ashton, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal by Victor Apodaca, Jr. and T. A. Merrill, sureties on an appeal bond for Zuzanne Tocher, from a final judgment of forfeiture.

On August 26, 1971, the principal and sureties executed a bail bond in the amount of $5,000 for the principal's appearance at trial for the offense of murder with malice. The principal was tried, found guilty of murder without malice, and continued on the original bond pending appeal. Her conviction was affirmed and mandate issued. Tocher v. State, 501 S.W.2d 921 (Tex.Cr.App.1973). The principal was set for an appearance on the mandate of January 23, 1974, to be remanded to custody. All parties were given proper notice of this setting and the principal failed to appear. a judgment nisi was entered. The bond

forfeiture hearing was held on April 19, 1974 and final judgment was entered June 24, 1974.

At the bond forfeiture hearing, the State introduced into evidence certified copies of the original bond, the docket sheet in this case, the judgment nisi, and the mandate issued by this Court. From the evidence adduced at the hearing, it appears that the last entry on the docket sheet introduced at that time was a May 4, 1972 notation of the principal's appearance with her attorney at which time she was sentenced to two years and six months in the State penitentiary, gave notice of appeal, and was continued on bond. During the hearing, appellants stressed the fact that the docket sheet did not indicate that any proceeding whatsoever was held on January 23, 1974 when the judgment nisi was issued. Appellants emphasized that the docket sheet did not affirmatively reflect that the principal's name was "called distinctly at the courthouse door . . .". Julian Castillo, bailiff of the district court which issued the judgment nisi, testified that the customary procedure was for himself or Mr. Tom Neely to go downstairs to the entrance of the courthouse and call out the principal's name three times and if they fail to answer, notation of the time and date is made on the docket sheet. He further testified that he, personally, did not remember having called the principal's name on January 23, 1974 and from his personal knowledge did not know if it was called at all.[1] After a brief recess, the State attempted to reopen the evidence for the purpose of calling Tom Neely to testify. Appellant's objection was sustained and the request was denied.

Appellants' sole ground of error complains that Art. 22.02, Vernon's Ann.C.C. P., was not strictly complied with in taking the bond forfeiture, inasmuch as the principal's name was not distinctly called at the courthouse door. It is maintained that there is no evidence to show any compliance with this requirement. Appellants rely on Bennett v. State, 394 S.W.2d 804 (Tex.Cr.App.1965). We find that appellants' reliance is misplaced for Bennett v. State, supra, stands for the proposition that the calling of the principal's name outside in the hallway on the fourth floor of the courthouse is in substantial compliance with the requirement in Art. 22.02, V.A.C. C.P., that the name be "called distinctly at the courthouse door". In the case at bar, there is no contention that the name was called at a place other than the courthouse door, but that the name was not called at all. Therefore, substantial compliance is not an issue in the instant case.

■ Furthermore, the record reflects that the judgment nisi was admitted into evidence. It recites that the principal, Zuzanne Tocher, failed to appear and that her name was called distinctly at the door of the courthouse. In Thompson v. State, 31 Tex. 166 (1868), this precise issue was decided. There, it was complained that the record did not show that the sureties upon the bail were called at the courthouse door

---

1. When attorneys for the appellants received a copy of the statement of facts prepared by the court reporter, they discovered that State's Exhibit No. 2 (the certified copy of the docket sheet) had been altered. An additional entry had been made after its introduction and acceptance by the court as an item of evidence. The new entry read as follows:
"1–23–74—failed to appear on mandate Bond Forfeiture—name called on Court House steps at 1:55 p. m. by Tom D. Neely —Witness V. Korpalski"
There was no indication as to exactly when this entry was in fact made but showed only the date "1–23–74". It is undisputed that at the hearing in April, where the exhibit was introduced there was no "1–23–74" entry and consequently, it must have been placed on the docket sheet some time subsequent to the hearing in April. An amendment to the Statement of Facts was entered by the trial court on October 8, 1974 wherein the Statement of Facts was corrected to show that State's Exhibit No. 2 (the certified copy of the docket sheet) did not contain an entry for January 23, 1974. Therefore, the entry on the docket sheet dated "1–23–74" is not properly before us and will not be considered.
Although there is serious question as to the propriety of the docket sheet being altered after the hearing was held, it is not necessary to the disposition of this case and we need not address ourselves to that issue.

before the rendition of the judgment nisi as required by statute. It was held:

"This court will presume that the judgment nisi was taken in accordance with the statutory requirements, unless it affirmatively appear otherwise."

A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise. It is well settled that the State's case in a bond forfeiture proceeding consists of the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. General Bonding & Casualty Ins. Co. v. State, 73 Tex.Cr.R. 649, 165 S.W.2d 615 (1913). Once this has been established, the defendant must then prove that one of the elements has not been complied with.

In the instant case, there has been no affirmative showing that the principal's name was not called.[2] Appellants called the bailiff of the court which rendered the judgment nisi to the stand. Mr. Castillo merely testified that he, personally, did not remember having called the principal's name and did not know if it was done. He did indicate, however, that Tom Neely often performed this duty and could have done so in this case. Even though appellants were cognizant of this, they still did not call Neely to testify. We cannot hold that this evidence alone affirmatively shows that the name was not called. At most, the evidence shows that one of two persons who were customarily responsible for this duty did not perform it. There is absolutely no showing that Neely did not call the principal's name. The appellants have not overcome the presumption that the recitation of the requirement in the judgment nisi is in accordance with the statute. Appellants' ground of error is overruled.

The judgment is affirmed.

2. Art. 22.02, V.A.C.C.P., does not require a notation that the principal's name was called to be placed on the docket sheet in a bond forfeiture proceeding. The fact that such is not noted on the docket sheet is not proof that it was not done. There must be some affirmative proof which indicates that the requisite was not performed as stated in the judgment nisi.