S. L. DECKARD d/b/a Deckard Bail Bonds, Surety, Appellant,

v.

The STATE of Texas, Appellee.

No. 64921.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 8, 1980.

Louis A. Joseph, San Antonio, for appellant.

Bill M. White, Dist. Atty., Barry Hitchings and Linda S. McDonald, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal by the surety from a final judgment in the forfeiture of a bail bond.

The principal charged with the offense of "Possession Narc Paraphenalia a felony,"

with the appellant Deckard Bail Bonds as surety, obligated herself for payment of $1,000 if she did not personally appear for trial to answer the charge against her. The principal failed to appear in the 187th District Court of Bexar County for trial on January 24, 1975. The bond was forfeited and judgment nisi was entered on September 13, 1979. The surety having been served with notice of the State's Motion for Summary Judgment filed exceptions to the Motion on December 26, 1979. The court granted the State's Motion for Summary Judgment in the amount of $1,000 plus interest.

■ The appellant contends that there is a fatal variance between the bond and the judgment nisi and consequently the State was not entitled to a summary judgment. We agree and reverse.

The bond recites that "Arrizmandez," the principal, "has been arrested on a charge of Possession of Narc Paraphenalia a felony" and "shall ... personally appear ... to answer the aforesaid accusation against [her]." The judgment nisi alleges that this bond is declared forfeited because Arrizmendez failed to "come into Court to answer the State of Texas on a felony charge of possession of a controlled substance, namely: heroin."

■ The State, relying on an amendment of Tex.R.Civ.P. 166–A(c), effective January 1, 1978, contends that appellant waived any objection to a variance between the bond and the judgment nisi by failing to raise the issue at the summary judgment proceeding. With the amendment emphasized, the rule provides in pertinent part:

"(c) ... the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any ... show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law *on the issues as expressly set out in the*

*motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeals as grounds for reversal.*"

We do not agree that this amendment prevents an appellant from attacking the sufficiency of the movant's proof for the first time on appeal.

*Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ.App.–Dallas 1979) writ ref'd n. r. e. per curiam 596 S.W.2d 502 (Tex.1979), relied upon by the State, supports our conclusion. The court there stated:

"[W]e hold that the opposing party, without filing an answer or other response, *may raise for consideration on appeal the insufficiency of the summary–judgment proof to support the specific grounds stated in the motion,* but that he may not, in the absence of such an answer or other response, raise any other 'genuine issue of material fact' as a ground for reversal. In other words, *the opposing party may challenge the grounds asserted by the movant,* but he may not assert the existence of 'issues' not presented to the trial court by either party."

584 S.W.2d at 343 [emphasis supplied.] The Texas Supreme Court citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), in a per curiam opinion has approved the holding in *Combs*, stating "a non–movant needs no answer or response to a motion for summary judgment in order to urge on appeal that the movant's proof was insufficient to establish as a matter of law the specific grounds relied on by the movant." 596 S.W.2d at 502.

■ The State also contends that the appellant waived any objection because the judgment nisi constitutes part of the pleading in a bond forfeiture case, and Tex.R. Civ.P. 90 provides that defects in the pleadings are waived absent objection. This contention is also without merit. The judg-

ment nisi forms an essential element in the State's evidence in a bond forfeiture proceeding. *Tocher v. State*, 517 S.W.2d 299 (Tex.Cr.App.1975). Tex.R.Civ.P. 90 does not preclude challenge of a summary judgment movant's proof for the first time on appeal.

We will therefore address the merits of appellant's contention. In moving for summary judgment, the State in the present case had the burden of establishing as a matter of law that there were no genuine issues of material fact as to any of the essential elements of the State's cause of action and that he was entitled to a judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970); *Prestegord v. Glenn*, 441 S.W.2d 185 (Tex.1969); *Dallas Eight, Ltd. v. Aaron Rents, Inc.*, 560 S.W.2d 778 (Tex.Civ.App.– Tyler 1977). The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judgment nisi. *Tocher v. State*, supra.

In *Shropshire v. State*, 433 S.W.2d 898 (Tex.Cr.App.1968), the issue of a variance between the bond and the judgment nisi was also raised. The bond in *Shropshire* alleged the offender had been charged with "theft by false pretext," and both the judgment nisi and final judgment reflected the bond was forfeited when the offender failed to appear to answer this charge. However, the evidence showed that appellant had actually been indicted for forgery and uttering and passing as true a forged instrument. This Court reversed the bond forfeiture judgment because the evidence was insufficient to show the bond forfeited was conditioned on the defendant's appearance to answer the offense which the bond recited.

Similarly, we conclude that in the present case the State did not meet its burden because there is a material variance in the elements of its proof. The summary judgment forfeiting the bond was improperly granted when the bond was conditioned on the principal's appearance to defend against one offense, but the judgment nisi declared the bond forfeit because the principal did not appear to defend against a different offense. *Shropshire v. State*, supra. See also *Smith v. State*, 567 S.W.2d 10 (Tex.Cr.App.1978); *Smith v. State*, 548 S.W.2d 407 (Tex.Cr.App.1977); *Joe's Bonding Company v. State*, 481 S.W.2d 145 (Tex. Cr.App.1972); *Picaroni v. State*, 364 S.W.2d 240 (Tex.Cr.App.1963).

The State argues that such a conclusion does not comport with Art. 17.09(2), V.A.C.C.P., which provides:

"(2) When a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal actions except as herein provided."

Apparently the State is contending that the indictment of Arrizmendez for possession of heroin is a part of the same criminal action which led to the charges against her for possession of narcotic paraphernalia. However, the record does not reflect that the State submitted any documents supporting its Motion for Summary Judgment which would reconcile the variance by identifying the two offenses as elements of the same ongoing criminal action. Therefore, it may not be concluded that the State satisfied its burden of demonstrating that it was entitled to judgment as a matter of law.

The judgment is reversed and the cause remanded.