In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00460-CV
____________

ALFONSO V. QUINTERO D/B/A QUINTERO BONDING COMPANY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court 
Fort Bend County, Texas
Trial Court Cause No. 01-CV-119993 




MEMORANDUM OPINION
          Alfonso V. Quintero d/b/a Quintero Bonding Company (Quintero) appeals
from a final judgment forfeiting a bail bond after entry of a judgment nisi. In three
issues, Quintero contends that (1) there was no evidence or insufficient evidence to
establish that the principal defendant signed the bond, (2) the bond was defective
because it contained an improper admonishment regarding appointment of counsel,
and (3) the trial court denied Quintero due process of law when it granted final
judgment before allowing one year to elapse from the date the principal defendant
failed to appear. We affirm. 
Background
          After he was charged with the felony offense of possession of a controlled
substance, Guillermo Hurtado Giles entered into a bail bond with Quintero in the
amount of $120,000. Giles failed to appear at his trial on July 9, 2001, and the trial
court entered a judgment nisi on July 27, 2001, to which Quintero, as the named
surety, filed an answer. Thereafter, the trial court held a hearing and rendered a final
judgment forfeiting the bond. 
Issue 1: Sufficiency of the Evidence
          In his first issue, Quintero contends that there was no evidence or insufficient
evidence to establish that Giles signed the bond. Before a bail bond becomes valid,
the principal defendant must sign the bond by name or mark. See Tex. Code Crim.
Proc. Ann. art. 17.08(4) (Vernon Supp. 2003). In a bond forfeiture proceeding, the
State has the burden of proof.


 See Deckard v. State, 615 S.W.2d 717, 718 (Tex.
Crim. App. [Panel Op.] 1981); Deckard v. State, 605 S.W.2d 918, 921 (Tex. Crim.
App. [Panel Op.] 1980). The bond, along with the judgment nisi declaring its
forfeiture, are the two essential elements of the State’s cause of action. See id. Once
the State provides the bond and judgment nisi, forfeiture becomes final unless good
cause is shown why the defendant did not appear. Deckard, 608 S.W.2d 675, 676
(Tex. Crim. App. [Panel Op.] 1980). 
          In the instant case, the trial court took judicial notice of the bond and judgment
nisi. The bond itself bears the signature of Giles. Quintero has offered no evidence
to indicate that the signature was a forgery or that Giles did not sign the bond. Thus,
we hold that there was sufficient evidence to show that Giles signed the bond.
          We overrule issue one.
Issue 2: Improper Admonishment
          In his second issue, Quintero contends that the bond was defective because it
contained an improper admonishment regarding appointment of counsel. However,
an admonishment regarding appointment of counsel is not a statutorily mandated
requisite of a bail bond. See Tex. Code Crim. Proc. Ann. art. 17.08(4). 
Accordingly, the issue of whether the admonishment was proper is irrelevant when
considering the bond’s validity. Even assuming, arguendo, that the admonishment
was improper, we hold that the bond was not defective.
          We overrule issue two. 
 
Issue 3: Due Process
          In his third issue, Quintero contends that the trial court denied him due process
of law when the court granted final judgment before allowing one year to elapse from
the date Giles failed to appear. According to Quintero, it was the informal policy of
Fort Bend County to not seek a final judgment on a bond forfeiture until one year
elapsed from the date the principal defendant failed to appear. Quintero argues that
he relied on this policy when he signed the bond and that the trial court’s failure to
adhere to the policy denied him due process.
          Contrary to Quintero’s contentions, there is nothing in the record to indicate
that Fort Bend County implemented the informal policy described by him. And even
if it had, Quintero cites us to no authority to support his position that such an informal
policy granted him a due process right in the policy’s enforcement. Quintero
admitted at trial that Fort Bend County “wasn’t mandated to do that [wait one year]
and the statute doesn’t require it.” Accordingly, we hold that Quintero has not shown
that his due process rights were somehow violated when the trial court entered final
judgment prior to one year elapsing from the date Giles failed to appear. 
          We overrule issue three.
 
             
          Conclusion
          We affirm the judgment of the trial court. 
 



 
                                                                        Laura Carter Higley
     Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.