ACCEPTED
03-15-00121-CR
5184558
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 11:26:48 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00121-CR
IN THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 11:26:48 PM
JEFFREY D. KYLE
Clerk

**TOM BENSON,
Defendant-Surety,
Appellant,**

**vs.**

**THE STATE OF TEXAS,
Appellee.**

**Appealed from the County Court at Law Number One
Sitting at Travis County, Texas
Trial Court No. C-1-CV-14-002294
The Honorable Todd Wong, Presiding**

**APPELLANTS' BRIEF**

**TOM BENSON
Texas Bar No. 02170500
900 Jackson St., Ste. 750
Dallas, Texas 75202-4461
(214) 742-9898  Telephone
(214) 742-9879   Fax
tomrbenson@gmail.com**

**APPELLANT *PRO SE***

## IDENTITY OF PARTIES AND COUNSEL

**Appellant**

Tom Benson
Texas Bar No. 02170500
900 Jackson St., Ste 750
Dallas, Texas 75202-4461
(214) 742-9898 Telephone
(214) 742-9879 Fax
tomrbenson@gmail.com

**Counsel (Trial and Appeal)**

*Pro Se*

**Appellee**

The State of Texas

**Counsel (Trial and Appeal)**

Tim Labadie
Assistant County Attorney
Travis County
Texas Bar No. 11784853
P.O. Box 1748
Austin, Texas 78767-1748
(512) 854-9513 Telephone
(512) 854-4808 Fax
tim.labadie@traviscountytx.gov

## STATEMENT CONCERNING ORAL ARGUMENT

Because this appeal contains arguments based upon established law,

Appellant does not believe that oral argument would be helpful to the Court.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT CONCERNING ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

POINTS OF ERROR PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT OF ERROR 1:  THE TRIAL COURT ERRED BY GRANTING
                   THE STATE'S MOTION FOR SUMMARY
                   JUDGMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT OF ERROR 1: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Argument and Authority. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    STATE PRESENTS *PRIMA FACIE* CASE. . . . . . . . . . . . . . . . . . . . . . . . . 5
    BURDEN SHIFTS TO SURETY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    AFFIRMATIVE DEFENSE PROVIDED BY art. 22.13(a)(5) . . . . . . . . 6
    SURETY'S SUMMARY JUDGMENT PROOF. . . . . . . . . . . . . . . . . . . 7
    RELIEF GRANTED BY TRIAL COURT. . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

REQUEST FOR RELIEF.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APPELLANT'S APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

## CASES

*Alvarez v. State*, 861 S.W. 2d 878, 881 (Tex. Cr. App. 1992). . . . . . . . . . . . 3, 5, 9

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Deckard v. State*, 605 S.W.2d 918 (Tex. Cr. App.1980). . . . . . . . . . . . . . . . . . . . 5

*Deckard v. State*, 615 S.W.2d 717, 718 (Tex. Cr. App. 1981). . . . . . . . . . . . . . . 5

*Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). . . 4

*Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex.2004). . . . . . . 3

*Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). . . . . . . . . . . . . . . . 9

*Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex. 1974). . . . . . . . . . . . . . . . . . . . 4, 5

*Palmer v. Enserch Corp.*, 728 S.W.2d 431, 436 (Tex. App. - Austin 3rd Dist.1987, *writ ref'd n.r.e.*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). . . . . . . . 4

*Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). . . . . . 4

*Texas Beef Cattle Co. v. Green*, 921 S.W. 2d 203, 212 (Tex. 1996). . . . . . . . . . . 7

*Tocher v. State*, 517 S.W.2d 299, 301 (Tex. Cr. App.1975). . . . . . . . . . . . . . . . . 5

## TEXAS RULES OF CIVIL PROCEDURE

**Tex. R. Civ. P. 166a(c)**............................................. 3, 4

## TEXAS CODE OF CRIMINAL PROCEDURE

**art. 22.10**................................................................ 3

**art. 22.13(5)(A)(1).** ............................................. 6, 7

**Art. 22.13(a)(5)(A)** ............................................. 2, 6, 7, 9

**art. 22.13(b).** ............................................. 6, 10

## OTHER AUTHORITY

**2 ROY W. McDONALD, TEXAS CIVIL PRACTICE § 9:44, at 378 (1992)**
............................................................ 7

## STATEMENT OF THE CASE

Nature of the case. Appellee, the State of Texas, ["State"] sued appellant to enforce the forfeiture of a bail bond. (CR. 4). Appellant, ["Surety"] filed a general denial and asserted a affirmative defense provided by statute. (CR. 14-15).

Course of proceedings. The State moved for a summary judgment. (CR. 9-13). The Surety filed a response and provided additional summary judgment proof. (CR. 16-23).

Trial court disposition. The trial court granted the State's Motion for Summary Judgment and entered a final judgment on January 21, 2015. (CR. 24-25).

# POINTS OF ERROR PRESENTED

## POINT OF ERROR I

## THE TRIAL COURT ERRED BY GRANTING
## THE STATE'S MOTION FOR SUMMARY JUDGMENT

TOM BENSON,
Defendant-Surety,
     Appellant,

vs.

THE STATE OF TEXAS,
    Appellee.

## APPELLANTS' BRIEF

## STATEMENT OF FACTS

On November 29, 2013, Brian Roy Whipple, date of birth[1] XX/XX/XXXX

was released from jail on a bail bond in the amount of $5,000.00 for a

misdemeanor offense, executed by Tom Benson, as Surety. (CR. 4-5). On

February 14, 2014, Mr. Whipple, the defendant and the principal on the bond

executed by the Surety, was required to personally appear in the County Court at

Law No. 7 of Travis County. (CR. 4). He failed to appear as required. (CR. 4).

A judgment nisi was properly issued. (CR. 4). On December 4, 2014, the State

filed its Motion for Summary Judgment and summary judgment proof consisting

---

[1] Date of Birth has been redacted pursuant to Tex. R. Appellant P. 9.

1

of the bond and the judgment nisi. (CR. 9-13). The State's motion requested a judgment for the penal sum of the bond $5,000.00 and court costs. After being properly served with citation, Surety answered[2] with a general denial and asserted an affirmative defense provided by art. 22.13(a)(5)(A)[3]. (CR. 14-15). The Surety filed a response to the State's Motion again asserting the affirmative defense under art. 22.13(a)(5)(A) that the Defendant-Principal, Brian Roy Whipple was incarcerated in the Clark County Detention Center, Las Vegas, Nevada on June 29, 2014[4], a jurisdiction within the United States, within 180 days from the date of his failure to appear, February 14, 2014. (CR. 16-20). The Surety provided additional summary judgment evidence which was attached to, and incorporated into, his response, in the form of documentary evidence (CR. 18 ¶¶ 11 and 12) and (CR. 21-23) and evidence provided by judicial notice. (CR. 18 ¶¶ 11 and 13). The State did not file any reply to the Surety's response or summary judgment evidence. (CR. 1-45). The trial court granted the State's Motion for Summary Judgment and entered a final judgment against the Surety for $5,000.00 plus costs of court. (CR.

---

[2] Surety filed and Original Answer and a First Amended Answer.

[3] All statutory references are to Tex. Code Crim. Proc., unless otherwise noted.

[4] The date of birth for Brian Whipple who is the principal on the bail bond and Brian Whipple who was incarcerated in the Clark County Detention Center, Las Vegas, Nevada are identical.

2

24-25). No post judgment motions were filed. The Surety timely filed a notion of

appeal. (CR. 26-28). This brief will be timely if filed on or before May 5, 2015.

## SUMMARY OF THE ARGUMENT

**POINT OF ERROR 1: THE TRIAL COURT ERRED BY GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT**

1)      Because the Trial Court was presented an the affirmative defense and

summary judgment evidence supporting every element of the affirmative defense

the Trial Court erred in granting the State's motion.

## ARGUMENT

**POINT OF ERROR 1: THE TRIAL COURT ERRED BY GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT**

**Standard of Review**

Summary judgment proceedings in a bail bond forfeiture case are governed

by the same rules as in civil cases. *Alvarez v. State*, 861 S.W. 2d 878, 881 (Tex.

Cr. App. 1992), *citing*, art. 22.10 and Tex. R. Civ. P. 166a(c).

The Court reviews the summary judgment de novo. *Joe v. Two Thirty Nine*

3

*Joint Venture*, 145 S.W.3d 150, 156 (Tex.2004).

In this traditional summary judgment case, the issue on appeal is whether the State, as movant, met its summary judgment burden by establishing that no genuine issue of material fact exists and that the State is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the State, and all doubts about the existence of a genuine issue of material fact are resolved against it. *Southwestern Elec. Power Co.*, 73 S.W.3d at 215; *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence should be disregarded and the evidence favorable to the Surety, the nonmovant, should be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the State's position will not be considered unless it is uncontroverted. *Great Am., supra*, 391 S.W.2d at 47.

When a defendant raises an affirmative defense in opposition to a motion for summary judgment, he must present sufficient summary judgment proof to raise a fact issue on each element of his affirmative defense. *Nichols v. Smith*, 507

4

S.W.2d 518, 520 (Tex. 1974); *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 436 (Tex. App. - Austin 3rd Dist.1987, *writ ref'd n.r.e.*).

## Argument and Authority

### STATE PRESENTS *PRIMA FACIE* CASE

The State unquestionably presented a *prima facie* case in its motion for summary judgment. The State was required to produce evidence of a bail bond and a judgment nisi. *Alvarez, supra*, 861 S.W. 2d at 880-881, 887, 889 *citing, Deckard v. State*, 615 S.W.2d 717, 718 (Tex. Cr. App. 1981); *Tocher v. State*, 517 S.W.2d 299, 301 (Tex. Cr. App.1975); *Deckard v. State*, 605 S.W.2d 918 (Tex. Cr. App.1980). It did so. (CR. 12-13).

### BURDEN SHIFTS TO SURETY

The burden then shifted to the Surety to respond to the State's Motion and if an affirmative defense is pled in his response it must be supported by summary judgment proof on every element of the affirmative defense. *Nichols, supra*, 507 S.W.2d at 520; *Palmer, supra*, 728 S.W.2d at 436. (CR. 14).

In his response, the Surety alleges that the Defendant-Principal, Brian Roy Whipple was incarcerated in the Clark County Detention Center, Las Vegas, Nevada, on June 29, 2014, a jurisdiction within the United States, and it was

5

within 180 days from the date of his failure to appear as required on February 14, 2014 and that these facts give rise to an affirmative defense provided by art. 22.13(a)(5)(A)(1). (CR. 17).

**AFFIRMATIVE DEFENSE PROVIDED BY art. 22.13(a)(5)**

The applicable language in Tex. Code Crim. Proc. art. 22.13 provides:

"Art. 22.13. CAUSES WHICH WILL EXONERATE.

(a) The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken: . . . . .

5. The incarceration of the principal in any jurisdiction in the United States:

(A) in the case of a misdemeanor, at the time of or not later than the 180th day after the date of the principal 's failure to appear in court;

(B) in the case of a felony, at the time of or not later than the 270th day after the date of the principal 's failure to appear in court.

(b) A surety exonerated under Subdivision 5, Subsection (a), remains obligated to pay costs of court, any reasonable and necessary costs incurred by a county to secure the return of the principal, and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal 's incarceration.

Although the statute does call it an affirmative defense it meets the definition of one.  An affirmative defense does not seek to defend by merely

6

denying the plaintiff's claims, but rather seeks to establish "an independent reason why the plaintiff should not recover." *Texas Beef Cattle Co. v. Green*, 921 S.W. 2d 203, 212 (Tex. 1996) *citing*, 2 ROY W. McDONALD, TEXAS CIVIL PRACTICE § 9:44, at 378 (1992).

The affirmative defense provided by art. 22.13(a)(5)(A)(1) raised in Surety's amended answer[5] and the response consist of the following elements: (1) Incarceration of principal on bond; (2) within any jurisdiction in the United States; (3) principal charged with misdemeanor; (4) Incarceration within 180 days from the date the principal fail to appear in court.

## SURETY'S SUMMARY JUDGMENT PROOF

There is summary judgment proof in the record regarding each of the elements required by art. 22.13a)(5)(A):

1. Incarceration of principal, Brian Roy Whipple.

Supplied by Exhibit "1", page 3 (CR. 23) which is an incarceration verification letter from the Sheriff of Clark County Nevada stating that (1) that Brian Whipple DOB: ■■■■ was incarcerated in the Clark County Detention Center, Las Vegas, Nevada; and (2) on June 29, 2014. The date of birth for Brian

---

[5] Surety requested the Trial Court to take judicial notice of his First Amended Answer. (CR.18, ¶ 13 (6)).

Whipple on the bail bond in this case is XX-XX-XXXX. (CR. 5 and 13). The date of birth specified in the incarceration verification letter and the date of birth specified on the bail bond in this case are the same. (CR. 5, 13 and 23).

2. Within any jurisdiction in the United States.

Supplied by requests for judicial notice that: Clark County is located in the State of Nevada; the City of Las Vegas, Nevada is located in Clark County; and both the City of Las Vegas, Nevada and Clark County, Nevada are jurisdictions located within the United States. (CR. 18, ¶ 13 (1)(2)(3)).

3. Principal, Brian Whipple is charged with a misdemeanor.

Supplied by the judgment nisi. (CR. 4 and 12).

4. Incarceration of Brian Whipple within 180 days from the date the he failed to appear in court.

The date he failed to appear in Court was February 14, 2014, and this is shown on the judgment nisi. (CR. 4 and 12). The date of his incarceration was June 29, 2014. This is shown on Exhibit "1", page 3 (CR. 23). The Trial Court was requested to take judicial notice that the period of time between February 14, 2014 and June 29, 2014 was less than 180 days. (CR. 18, ¶ 13 (5).

Reviewing this summary judgment evidence, the genuine issue of fact to be resolved by a trier of fact is whether or not the Brian Whipple specified in the

8

verification letter from the Sheriff of Clark County Nevada is the Brian Whipple that is the principal on the bond in this case. The date of birth, first and last name match, but there is no middle name specified. These matches create an inference supporting that the correct defendant is specified in the letter. The lack of a middle name creates an inference of doubt that the correct defendant is specified in the letter. For the purposes of the summary judgment only, the inferences are resolved in the favor of the Surety. "Every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor." *Alvarez*, supra, 861 S.W. 2d at 881, citing, *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Faced with these conflicting inferences, a material fact issue exists and the State's Motion should have been denied and the Trial Court erred by no doing so.

## RELIEF GRANTED BY TRIAL COURT

The judgment entered by the Trial Court was for the face amount of the bond $5,000.00 plus costs of court. Art. 22.13(a)(5)(A) and the summary judgment proof presented, effectively mitigates the legal consequences of the State's prima facie case for forfeiture. Where the conditions specified in art. 22.13(a)(5) are proved, the Surety is exonerated from liability of the forfeiture, except costs of court, any reasonable and necessary costs incurred by a county to

secure the return of the principal, and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal 's incarceration. See art. 22.13(b). The Trial Court of course will be free on remand to resolve the facts regarding the Surety's affirmative defense, and if proved, the amount of expenses, costs and interest the State is due.

## CONCLUSION

Faced with the Surety's response[6] and the summary judgment proof before the court, the only proper action was to deny the State's Motion. The case before this court is not to determine the correctness of, or application of, the Surety's affirmative defense, but the whether the Trial Court erred in granting the State's Motion in light of the surety's response and summary judgment evidence.

At heart, this case is very simple. Granting a summary judgment despite a pled affirmative defense by the non-movant supported with summary judgment evidence is an error that caused the trial court to render an improper judgment which should be reversed and remanded to the trial court.

## REQUEST FOR RELIEF

Appellant respectfully request that this Court reverse the judgment of the

---

[6] Surety did not move for summary judgment on his affirmative defense, leaving it to be resolved later.

10

trial court, remand the cause to the trial court and grant such other and further

relief as to which he has shown himself entitled.

Respectfully submitted,

/s/ Tom Benson

Tom Benson
Texas State Bar No. 02170500
900 Jackson St., Suite 750
Dallas, Texas 75202-4461
(214) 742-9898  Telephone
(214) 742-9879  Fax
tomrbenson@gmail.com

APPELLANT *PRO SE*

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using WordPerfectX7 and contains approximately 2,089 words as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

/s/ Tom Benson

Tom Benson

11

## CERTIFICATE OF SERVICE

I certify that on May 6, 2015, a true and correct copy of the foregoing Appellants' Brief and Appendix as corrected was served on appellee's attorney, Tim Labadie, Assistant County Attorney by email to tim.labadie@traviscountytx.gov.


/s/ Tom Benson

_____

Tom Benson

# APPELLANT'S APPENDIX

| ITEM | BOOKMARK NO. |
|---|---|
| Trial Court's Judgment dated January 21, 2015 | 1 |
| Tex. R. Civ. P. 166a(c) | 2 |
| Tex. Code Crim. Proc. 22.10 | 3 |
| Tex. Code Crim. Proc. 22.13 | 4 |
| Bail Bond | 5 |
| Letter from the Sheriff of Clark County Nevada | 6 |
| State's Motion For Summary Judgment and proof | 7 |
| Surety's First Amended Original Answer | 8 |
| Surety's Summary Judgment Response and proof | 9 |

THE STATE OF TEXAS             §        COUNTY COURT AT LAW
                               §        DANA DEBEAUVOIR
                               §        COUNTY CLERK
V.                             §        TRAVIS COUNTY, TEXAS NO. 7
                               §
BRIAN ROY WHIPPLE and          §
TOM BENSON                     §        TRAVIS COUNTY, TEXAS

## FINAL JUDGMENT

On this day, the Court heard Plaintiff's Motion for Summary Judgment, considered the summary judgment evidence, which included a certified copy of the bond made on August 29, 2013, by Brian Roy Whipple, as Principal, and Tom Benson, as Surety, payable to the State of Texas in the amount of $5,000.00 and a certified copy of the order forfeiting that bond. The Court finds from the evidence that this bond forfeited on February 14, 2014, when Brian Roy Whipple failed to appear in court in cause number C-1-CR-13-501684 after his/her name was distinctly called at the courthouse door.

000939084

The Court therefore finds that the evidence establishes as a matter of law there are no genuine issues of material fact as to any of the elements of the State's cause of action and grants Plaintiff's Motion for Summary Judgment.

The Court also finds from its file that citation was served on Brian Roy Whipple, Principal-Defendant, and returned in accordance with Chapter 22 of the Code of Criminal Procedure. The Court further finds that Brian Roy Whipple failed to appear or answer within the time prescribed by law, and is in default. Further, the citation served, with the

321316                                    **FINAL JUDGMENT (SURETY BOND) – PAGE 1**

officer's return thereon, has been on file with the Clerk of the Court for at least ten days exclusive of the day of filing and the day of judgment.

Therefore, the Court orders that:

1. The State of Texas, through its County Attorney of Travis County, recover, jointly and severally, the sum of $5,000.00 from Brian Roy Whipple, as Principal-Defendant, and Tom Benson, as Surety-Defendant;

2. Costs of suit are taxed against Brian Roy Whipple and Tom Benson, jointly and severally;

3. The State of Texas, shall have all writs of execution and other process necessary to enforce this judgment; and

4. This judgment finally disposes of all claims and all parties and is appealable.

SIGNED January 21, 2015.

_____
JUDGE PRESIDING

## CERTIFICATE OF LAST KNOWN ADDRESS

I, Tim Labadie, attorney of record for the State of Texas, Plaintiff, hereby certify by my signature below that the last known address of Brian Roy Whipple is 1405 N Interstate 35, Round Rock, TX 78664-2924.

_____
Tim Labadie
Assistant County Attorney

321316                                  FINAL JUDGMENT (SURETY BOND) – PAGE 2

Appellants Brief Page 015

## RULE 166a(c). SUMMARY JUDGMENT

(c) Motion and Proceedings Thereon. The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an

expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

## TEXAS CODE OF CRIMINAL PROCEDURE
## ARTICLE 22.10

Art. 22.10. SCIRE FACIAS DOCKET. When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same rules governing other civil suits.

Art. 22.13. CAUSES WHICH WILL EXONERATE. (a) The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

1. That the bond is, for any cause, not a valid and binding undertaking in law. If it be valid and binding as to the principal, and one or more of his sureties, if any, they shall not be exonerated from liability because of its being invalid and not binding as to another surety or sureties, if any. If it be invalid and not binding as to the principal, each of the sureties, if any, shall be exonerated from liability. If it be valid and binding as to the principal, but not so as to the sureties, if any, the principal shall not be exonerated, but the sureties, if any, shall be.

2. The death of the principal before the forfeiture was taken.

3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing.

4. Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court.

5. The incarceration of the principal in any jurisdiction in the United States:

(A) in the case of a misdemeanor, at the time of or not later than the 180th day after the date of the principal 's failure to appear in court; or

(B) in the case of a felony, at the time of or not later than the 270th day after the date of the principal 's failure to appear in court.

(b) A surety exonerated under Subdivision 5, Subsection (a), remains obligated to pay costs of court, any reasonable and necessary costs incurred by a county to secure the return of the principal, and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal 's incarceration.



September 4, 2014

Re: [REDACTED]

ID# 6002664

Your inquiry, the above referenced subject was incorporated to the Clark County Detention Center on 08-28-14, and released from CCDC custody on...

For any additional information, please do not hesitate to contact us at (702) 671-3714 or write Clark County Detention Center, 330 S. Casino Center, Las Vegas, NV 89101, to the attention of the Correspondence Desk.

DOUGLAS C. GILLESPIE, SHERIFF

SUSAN HOWARD-FELT
RECORDS ENFORCEMENT UNIT
DETENTION SERVICES DIVISION

Filed: 12/4/2014 12:42:36 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-14-002294
Anita Durar

NO. C-1-CV-14-002294
(CRIMINAL NO. C-1-CR-13-501684)

| THE STATE OF TEXAS | § | COUNTY COURT AT LAW |
| | § | |
| V. | § | NO. 7 |
| | § | |
| BRIAN ROY WHIPPLE and | § | |
| TOM BENSON | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Plaintiff, the State of Texas, files this motion for summary judgment[1] and in support thereof would respectfully show the Court the following:

### I. INTRODUCTION

This is a bond forfeiture proceeding brought by the State of Texas pursuant to Tex. Code Crim. Pro. article 22.02. In order to be entitled to a forfeiture of a bond, Plaintiff must show (1) a valid bond executed by the surety; (2) that the defendant's name was distinctly called at the courthouse door; and (3) the defendant failed to appear within a reasonable time of that call. *Burns v. State*, 861 S.W.2d 878, 888 (Tex. Crim. App. 1993).

The summary judgment evidence, which is comprised of the appearance bond executed by Defendants[2] and the order forfeiting that bond,[3] establishes each of these elements as a matter of law. The bond establishes the first element of the State's bond forfeiture suit and the Judgment Nisi is prima facie proof that of the second and third



---

[1] Brian Roy Whipple was served with citation, has not made an appearance and is in default.
[2] A certified copy of the bond is attached hereto as Exhibit A.
[3] A certified copy of the Judgment Nisi is attached hereto as Exhibit B.

321313

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (SURETY BOND) – PAGE 1

elements. *Burns v. State*, 861 S.W.2d at 887. Thus, the court must presume that the Judgment Nisi is in accordance with the statutory requirements, unless it affirmatively appears otherwise. *Id.*

## II. THE SUMMARY JUDGMENT EVIDENCE

On August 29, 2013, Brian Roy Whipple, as Principal, and Tom Benson, as Surety, executed a bond payable to the State of Texas in the amount of $5,000.00.[4] This bond, which was a valid and binding undertaking in law, was conditioned on Brian Roy Whipple's personal appearance before the county court of Travis County in cause no. C-1-CR-13-501684.[5] On February 14, 2014, Brian Roy Whipple failed to appear when this case was called for trial.[6] Thereafter, Brian Roy Whipple's name was called distinctly at the door of the courthouse and he was given a reasonable time after which to appear.[7] Brian Roy Whipple, however, failed to appear and the bond made by Defendants was forfeited.[8]

This evidence establishes as a matter of law there are no genuine issues of material fact as to any of the elements of the State's cause of action.

## III. PRAYER

The State of Texas, Plaintiff, respectfully requests that the Court grant this motion and render judgment against Brian Roy Whipple, as Principal, and Tom Benson, as Surety, jointly and severally, in the amount of $5,000.00 plus court costs.

---

[4]    See Exhibit A.
[5]    See Exhibit A.
[6]    See Exhibit B.
[7]    See Exhibit B.
[8]    See Exhibit B.

321313

Respectfully submitted,

DAVID ESCAMILLA
TRAVIS COUNTY ATTORNEY

By: _____
Tim Labadie
Assistant Travis County Attorney
State Bar No. 11784853
P.O. Box 1748
Austin, Texas 78767
(512) 854-9513
(512) 854-4808 (fax)

## NOTICE OF HEARING

Plaintiff's Motion for Summary Judgment is set for hearing on January 21, 2015 at 9:00 a.m.

_____
Tim Labadie

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that, on December 4, 2014 and in accordance with the Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing was served by fax on:
Mr. Tom Benson
900 Jackson Street, Suite 750
Dallas, Texas 75202
Fax - 214-742-9879

321313

Filed: 3/21/2014 3:57:54 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-14-002294
Guy Dalessio

NO. C-1-CV-14-002294

(CRIMINAL CAUSE NO. C-1-CR-13-501684)

| THE STATE OF TEXAS | § | COUNTY COURT AT LAW |
|---|---|---|
| VS. | § | NO. 7 |
| Brian Roy Whipple and Tom Benson | § | TRAVIS COUNTY, TEXAS |

## JUDGMENT NISI

On February 14, 2014, cause number C-1-CR-13-501684 was called for trial. The State of Texas appeared by its County Attorney. The Defendant, Brian Roy Whipple, failed to appear and answer. Thereupon, the Defendant's name was called distinctly at the door of the Courthouse, and he/she was given a reasonable time to appear. However, the Defendant failed to appear and wholly made default.

The Court finds that the Defendant, Brian Roy Whipple, as principal, together with Tom Benson ( dba Act Fast Bail Bonds), as surety, on November 29, 2013, executed a bond payable to the State of Texas in the penal sum of $5,000.00 conditioned that the Defendant, as principal, should make his/her personal appearance before the County Court at Law No. 7, Travis County, Texas, at the Travis County Courthouse in Austin, Texas, at its present term now in session, instanter, and there remain from day to day and term to term of this Court until discharged by due course of law, to answer the State of Texas upon a charge by complaint and information therein filed accusing him/her of the following misdemeanor offense:

FALSE STATEMENT FOR PROPERTY/CREDIT.

The Court therefore declares that the above-mentioned bond is forfeited. The Court ORDERS that the State of Texas recover from Brian Roy Whipple, principal, and Tom Benson, surety, the sum of $5,000.00 and that this judgment shall be made final unless good cause be shown why the Defendant did not appear.

Signed on _March 21, 2014_

Judge, County Court at Law No. 7
Travis County, Texas

Attorney for the State of Texas:
David A. Escamilla, Travis County Attorney
P.O. Box 1748
Austin, TX 78767
Phone: (512) 854-9513
Fax: (512) 854-4808

000849518

BOND I.D. 223566  VOL. _____, PAGE _____

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy DEC 0 4 2014
T. LOFTON

Exhibit B



**APPEARANCE BOND**

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy: DEC 0 4 2014

T. LOFTON

Exhibit __A__

Filed: 1/13/2015 5:33:22 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-14-002294
Andrea Scott

*C-1-CV-14-002294*

~~No. C-1-14-002294~~

(CRIMINAL No. 1-CR-13-501684)

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | |
| | § | AT LAW No. 7 |
| BRIAN ROY WHIPPLE and | § | |
| TOM BENSON | § | |
| | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT'S
## FIRST AMENDED ORIGINAL ANSWER

Defendant, Tom Benson, files his First Amended Original Answer.

### A. General Denial

1.    Defendant generally denies the allegations of plaintiff.

### B. Affirmative Defense

2.    Defendant is not liable to plaintiff for the amount of the bond pursuant to art. 22.13(a)(5)(A) TEX. CODE CRIM. PROC., because the Defendant-Principal, Brian Roy Whipple, was incarcerated in the Clark County Detention Center, Las Vegas, Nevada, a jurisdiction within the United States, within 180 days from the date of his failure to appear as required on February 14, 2014.

### C. Prayer

3.    For these reasons, defendant asked the Court render judgment that plaintiff be awarded only, costs of court, any reasonable and necessary costs incurred by a county to secure the return of the principal, and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal 's incarceration as provided in art. 22.13(5)(b) TEX. CODE CRIM. PROC., and award all other relief to which defendant is entitled.

Defendant's First Amended Original Answer – Page 1 of 2 Pages

Case # C-1-CV-14-002294



Appellants Brief Page 028

Respectfully submitted,

/s/ Tom Benson

Tom Benson, *Prose*
Defendant-Surety
900 Jackson Street, Suite 750
Dallas, Texas 75202
Texas Bar I.D. 02170500
(214) 742-9898
(214) 742-9879 FAX
tomrbenson@gmail.com

## CERTIFICATE OF SERVICE

I certify that I have on this 13th day of January, 2015, before 5:00 P.M., caused a true and correct copy of the foregoing Defendant's First Amended Original Answer to be delivered to Tim Labadie, Assistant Travis County Attorney by email to: tim.labadie@traviscountytx.gov.

/s/ Tom Benson

Tom Benson

**Defendant's First Amended Original Answer – Page 2 of 2 Pages**

15

*C-1-CV-14-002294*

~~No. C-1-14-002294~~

(CRIMINAL No. 1-CR-13-501684)

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | |
| | § | AT LAW No. 7 |
| BRIAN ROY WHIPPLE and | § | |
| TOM BENSON | § | |
| | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUESTS FOR COURT TO TAKE JUDICIAL NOTICE

Defendant asks the court to deny plaintiff's motion for summary judgment and to take Judicial Notice as requested herein.

### A. Introduction

1. Plaintiff is The State of Texas; defendant is Tom Benson.

2. Plaintiff sued defendant for forfeiture of a bail bond in a criminal case.

3. Defendant answered asserting a general denial and an affirmative defense under art. 22.13(a)(5)(A) that the Defendant-Principal, Brian Roy Whipple was incarcerated in the Clark County Detention Center, Las Vegas, Nevada, a jurisdiction within the United States, within 180 days from the date of his failure to appear as required on February 14, 2014.

### B. Facts

4. Plaintiff filed a motion for summary judgment based on its cause of action for forfeiture of a bail bond in a criminal case.

5. Defendant attaches Exhibit 1 to establish facts not apparent from the record and incorporates it by reference.

Defendant's Response to Plaintiff's Motion for Summary Judgment and Requests to take Judicial Notice — Page 1 of 5 Pages



## C. Argument & Authorities

6.      In deciding whether there is a disputed issue of material fact that precludes summary judgment, the court takes as true all evidence favorable to the nonmovant. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The court must view the evidence in the light most favorable to the nonmovant and must indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Limestone Prods.*, 71 S.W.3d at 311; *Nixon*, 690 S.W.2d at 549.

7.      The court should deny plaintiff's motion for summary judgment because defendant's answer asserts the affirmative defense of the incarceration of the Defendant-Principal on the bond, Brian Roy Whipple in the Clark County Detention Center, Las Vegas, Nevada, a jurisdiction within the United States, within 180 days from the date of his failure to appear as required on February 14, 2014. This defense is provided by art. 22.13(5)(A)(1) TEX. CODE CRIM. PROC.

8.      The summary-judgment evidence attached to this response by defendant has created a fact issue on each element of his affirmative defense. *Bassett v. Am. Nat'l Bank*, 145 S.W.3d 692, 696 (Tex. App.—Fort Worth 2004, no pet.); *see Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

9.      Defendant's affirmative defense consists of the following elements: (1) Incarceration of principal on bond; (2) within any jurisdiction in the United States; (3) principal charged with misdemeanor; (4) Incarceration within 180 days from the date the principal fail to appear in court.

10.     The summary-judgment evidence raises a fact issue on each element of the affirmative defense.

*Defendant's Response to Plaintiff's Motion for Summary Judgment and Requests to take Judicial Notice — Page 2 of 5 Pages*

### D. Summary-Judgment Evidence

11.  Defendant includes the summary-judgment evidence attached to this response and incorporates the evidence into this response by reference.

12.  This response depends on the following documentary evidence:

**Documentary evidence.**    "Exhibit 1", which is verified as authentic, establish the following facts:

(1)    that Brian Whipple DOB: ▆▆▆▆ was incarcerated in the Clark County Detention Center, Las Vegas, Nevada; and

(2)    on June 29, 2014.

13.  This response additionally depends on the following evidence provided by judicial notice:

**Judicial Notice.**    Defendant requests the Court to take judicial notice :

(1)    that Clark County is located in the State of Nevada;

(2)    that the City of Las Vegas, Nevada is located in Clark County;

(3)    that both the City of Las Vegas, Nevada and Clark County, Nevada are jurisdictions located within the United States;

(4)    that the defendant-principal Brian Roy Whipple failed to appear when required in court on February 14, 2014;

(5)    that the number of days between February 14, 2014 and June 29, 2014 is less that 180 days;

(6)    of the Defendant's *First Amended Original Answer* filed in this case; and

(7)    that the principal Brian Roy Whipple's date of birth specified on the bond that is the subject matter of this suit is ▆▆▆▆▆▆ .

Defendant's Response to Plaintiff's Motion for Summary Judgment and Requests to take Judicial Notice — Page 3 of 5 Pages

## E. Conclusion

14.    Because the Defendant-Principal, Brian Roy Whipple was incarcerated in the Clark County Detention Center, Las Vegas, Nevada, a jurisdiction within the United States, on June 29, 2014, which within 180 days from the date of his failure to appear on February 14, 2014, the State is not entitled to recover $5,000.00. It is only entitled to recover costs of court and interest accrued on the bond amount of $5,000.00 from February 14, 2014 (the date the principal failed to appear) to June 29, 2014 (the date of the principal's incarceration). Had the State provided any summary judgment proof of any reasonable and necessary costs incurred by a county to secure the return of the principal it would have been entitled to these costs also but there is no evidence before the Court of these costs and therefore the State is not entitled to them.

## F. Prayer

15.    For these reasons, defendant asks the court to deny plaintiff's motion for summary judgment or alternatively, enter a judgment only for costs of court and interest accrued on the bond amount of $5,000.00 from February 14, 2014 (the date the principal failed to appear) to June 29, 2014 (the date of the principal's incarceration).

Respectfully submitted,

/s/ Tom Benson

Tom Benson, *Prose*
Defendant-Surety
900 Jackson Street, Suite 750
Dallas, Texas 75202
Texas Bar I.D. 02170500
(214) 742-9898
(214) 742-9879 FAX
tomrbenson@gmail.com

Defendant's Response to Plaintiff's Motion for Summary Judgment and Requests to take Judicial Notice — Page 4 of 5 Pages

19

## CERTIFICATE OF SERVICE

I certify that I have on this 13th day of January, 2015, before 5:00 P.M., caused a true and correct copy of the foregoing Defendant's Response to State's Motion for Summary Judgment with attachments to be delivered to Tim Labadie, Assistant Travis County Attorney by email to: tim.labadie@traviscountytx.gov.

/s/ Tom Benson

_____

Tom Benson

Defendant's Response to Plaintiff's Motion for Summary Judgment and Requests to take Judicial Notice — Page 5 of 5 Pages



No. C-1-14-002294
(CRIMINAL No. 1-CR-13-501684)

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | |
| | § | AT LAW No. 7 |
| BRIAN ROY WHIPPLE and | § | |
| TOM BENSON | § | |
| | § | TRAVIS COUNTY, TEXAS |

### BUSINESS RECORD AFFIDAVIT

Before me, the undersigned authority, personally appeared Tom Benson, who being by me duly sworn, deposed as follows:

"My name is Tom Benson, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of Tom Benson d/b/a Act Fast Bail Bonds of Fort Worth, Texas. Attached hereto is one page of records from Tom Benson d/b/a Act Fast Bail Bonds of Fort Worth, Texas. The said one page of records are kept by Tom Benson d/b/a Act Fast Bail Bonds of Fort Worth, Texas in the regular course of business, and it was the regular practice of said entity for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The record attached hereto is the original or an exact duplicate of the original."

_____
Tom Benson

SWORN TO AND SUBSCRIBED before me on the 6th day of January, 2015.



FELICIA P. MARTELL
Notary Public, State of Texas
My Commission Expires
April 11, 2017

_____
NOTARY PUBLIC

Business Record Affidavit - Page 1 of 1 Pages

## CERTIFICATE OF SERVICE

I certify that I have on this 6th day of January, 2015, before 5:00 P.M., caused a true and correct copy of the foregoing Business Record Affidavit with one attached page to be delivered by fax to: (512)~~584-4808~~ 854-4808 for Tim Labadie, Assistant Travis County Attorney.

Tom Benson

Business Record Affidavit - Page 2 of 2 Pages



November 4, 2014

Re: [REDACTED]

ID #6002484

Your [illegible] the above referenced subject was incorporated in the Clark County Detention Center on 08/28/14 and released from CCDC on [illegible]

[illegible] additional information, please do not hesitate to contact us [illegible] Clark County Detention Center, 330 S. Casino [illegible] NV 89101, to the attention of the Correspondence Desk.

JOE LOMBARDO, SHERIFF

SUSAN MENARD, [illegible]
RECORDS [illegible] UNIT
DETENTION SERVICES DIVISION

Appellants Brief Page 037